UNITED STATES ex rel. WEINTRAUB v. SWENSON, Lieutenant Colonel, Infantry.

No. 88, Docket 20765.

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1948.

Samuel T. Ansell and Roger Robb, both of Washington, D. C. (Edward C. Wallace, of New York City, of counsel), for appellant.

John F. X. McGohey, U. S. Atty., of New York City (John F. Ryan, Asst. U. S. Atty. of New York City, and Bertram Schwartz, Headquarters First Army, Office of Army Judge Advocate, of New York City, of counsel), for appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The relator, a First Lieutenant in the United States Army, was brought to trial before a general court-martial, found guilty of the offenses charged, and sentenced, on April 8, 1946, to dismissal from the service, forfeiture of pay and allowances, and

confinement at hard labor for six years at such place as the reviewing authority might direct. This sentence was approved and confirmed by the final reviewing authority, and the relator has been confined in the United States Disciplinary Barracks, Green Haven, New York. By habeas corpus proceedings he challenged the legality of his imprisonment. The matter was heard upon the amended petition and the return thereto, and resulted in dismissal of the writ.

The appellant premises his argument upon the proposition that where there has been a denial of due process of law by a court-martial, the civil courts may discharge a military prisoner from imprisonment. McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049; United States ex rel. Innes v. Hiatt, 3 Cir., 141 F.2d 664, 666; United States ex rel. Harris v. Daniels, 2 Cir., 279 F. 844, 846. He makes no complaint concerning the composition of the general court-martial or the trial proceedings but contends that the reviewing authority violated the requirements of due process in two respects: (1) by receiving new evidence, and (2) by not disclosing to him the opinion of the staff judge advocate and the opinion of the board of review.

■ One of the offenses of which the appellant was found guilty was the acceptance of a bribe to influence his actions while serving as trial judge advocate of a general court-martial. Army agents had obtained a phonographic recording of a conversation between the appellant and the person who was alleged to have paid him the bribe. On the trial of the appellant this recording was played to the court-martial and a transcription thereof was made by the court reporter and introduced into evidence as exhibit B. The reproduction was at times inaudible so that parts of exhibit B are scarcely more than a jumble of words. Prior to the trial, however, a more complete and intelligible transcript of the recording had been made. This transcript is referred to as exhibit C. It was not introduced into evidence, but in making up the record of trial for the reviewing authorities, it was included among the "allied papers." This forms the basis for the appellant's claim that the reviewing authorities received new and prejudicial evidence. But the objection is without merit, because the staff judge advocate, who reviewed the record pursuant to the 46th Article of War, 10 U.S.C.A. § 1517, noted in his reviewing opinion that "The transcript was not attempted to be admitted into evidence and has not been considered in reviewing the case." Counsel for the accused argued this objection before the board of review in the office of the Judge Advocate General, to which the record of trial was forwarded pursuant to Article of War 50½, 10 U.S.C.A. § 1522, and the board, after noting the contention, stated that it was unnecessary to pass upon it because the staff judge advocate had not considered the transcript. The appellant asserts that it would be humanly impossible for the reviewing authorities to blot from memory the prejudicial effect of reading the transcript. But we do not think the rule applicable to courts-martial is different in this respect from the rule in civilian courts. Frequently the civilian judge in deciding facts must pass on the competence of evidence, determine to exclude it, and then decide the case as though he had never learned of the excluded evidence. Even in jury cases, it is at times assumed that a jury may disabuse their minds of facts which have been brought to their attention; for example, when evidence is admitted against one defendant but not against the others. In the absence of any authority on the point, we are not prepared to initiate a different rule for court-martial proceedings.

■ It is further objected that due process was violated by failure to supply the relator or his counsel with a copy of the staff judge advocate's reviewing opinion and a copy of the opinion of the board of review before forwarding the record to the Secretary of War for submission to the President. So far as appears such copies were never requested by the relator or his counsel. But passing that and assuming that absence of a request would be immaterial if the accused is entitled to see such documents, we find nothing in the Articles of War to indicate that he is so entitled. He asserts that Article of War 50½, 10 U.S.C.A. § 1522, "plainly contemplates" as a part of the reviewing pro-

758

cedure that the accused shall have a right to present his case to the board of review, but no reference is made to the particular language of the article which supports the assertion and we find nothing therein to substantiate it. It is true, the appellant's counsel was allowed to present a brief and argument to the board but this appears to be a privilege accorded by the board as a matter of grace, not as a matter of statutory right. The granting of such privilege would not require the board in addition to furnish him with the reviewing opinions which were not evidentiary but merely advisory. Nor is the absence of such statutory rights violative of due process. At common law there was no review of criminal cases as of right, District of Columbia v. Clawans, 300 U.S. 617, 627, 57 S.Ct. 660, 81 L.Ed. 843; McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867; Nivens v. United States, 5 Cir., 139 F.2d 226, 228; but, if allowed, such review must be available on a non-discriminatory basis, Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865, 872. These cases do not aid the relator. He was accorded all the statute requires as to review of his case and more, and in such circumstances we find no denial of due process.

Order affirmed.