Ronald L. McDONALD
v.
The UNITED STATES.
No. 396–73.

United States Court of Claims.

Dec. 18, 1974.

J. Francis Pohlhaus, Washington, D. C., Atty. of record, for plaintiff; Nathaniel R. Jones, New York City, of counsel.

Alan L. Ferber, Washington, D. C., with whom was Asst. Atty. Gen., Carla A. Hills, New York City, for defendant.

Before LARAMORE, Senior Judge, and SKELTON and KUNZIG, Judges.

ON PLAINTIFF'S MOTION FOR PAR-
TIAL SUMMARY JUDGMENT
AND DEFENDANT'S CROSS MO-
TION FOR SUMMARY JUDG-
MENT

SKELTON, Judge:

Plaintiff, while an enlisted man in the United States Marine Corps, was charged and convicted of four counts of assault with intent to commit murder in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1970). On April 17, 1970, he was sentenced by a general court-martial to a dishonorable discharge, confinement for 80 years at hard labor, and total forfeiture of pay. Subsequent appeals were taken to the convening authority, the Navy Court of Military Review and the United States Court of Military Appeals. At each stage the verdict of the general court-martial was upheld, while at the same time the sentence was reduced. After his final military appeal, the plaintiff's sentence was reduced to 10 years of hard labor, plus discharge and forfeiture of pay. The plaintiff, having served part of his sentence, was granted a parole effective August 24, 1973, under the terms of which his liberty was to be severely reduced until February 5, 1979.

The plaintiff, claiming constitutional defects in his court-martial, brings suit in this court for back pay resulting from the forfeiture provision of his sentence, damages for lost veterans' educational benefits, and an order granting him an honorable discharge. Plaintiff raises three counts in his petition for relief: (1) the inclusion in the record submitted to the authorities reviewing the court-martial of an investigation report made pursuant to Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (1970) violated his sixth amendment right of confrontation as well as due process; (2) constitutional due process was violated when the Uniform Code of Military Justice assigns multiple roles to the convening authority; and (3) the statute under which the plaintiff was convicted, 10 U.S.C. § 934, was constitutionally vague and overbroad. Plaintiff moved for and received a suspension of proceedings on the second and third counts in order to await a ruling by the Supreme Court on several pending cases. This case is before us now on plaintiff's motion for summary judgment and defendant's cross motion for summary judgment on count one which deals with the contents of the record made available to the convening authority and the Naval Court of Military Review.

Under Article 32, U.C.M.J., 10 U.S.C. § 832 (1970), it is required that before a charge or specification is referred to a court-martial, a full investigation must be conducted as to the circumstances and truth of the matter set forth in the charge. This article provides:

§ 832. Art. 32. Investigation

(a) No charge or specification may be referred to a general court-martial for trial until a thorough and impartial investigation of all the matters set forth therein has been made. This investigation shall include inquiry as to the truth of the matter set forth in the charges, consideration of the form of charges, and a recommendation as to the disposition which should be

made of the case in the interest of justice and discipline.

The plaintiff argues here that the Article 32 investigatory report prepared on the events surrounding this case, was included in the record presented to the convening authority and Military Court of Review and used by them in reviewing the facts and law behind his conviction. In addition to several other allegedly objectionable items, this particular Article 32 report included a statement made by Pfc. Damon L. Johnson as to his suspicions of plaintiff's guilt and placing plaintiff near the scene of the crime. Plaintiff asserts that because Johnson did not testify at the court-martial and thereby subject himself to cross-examination, the consideration of his statement by the convening authority and the Court of Military Review violated both fifth amendment due process and the sixth amendment right of confrontation. In addition, he alleges that consideration of facts such as these, which were not introduced at the court-martial, contravenes federal rules and statutes governing the conduct of such court-martials and that a violation of governmental procedure of this alleged magnitude constitutes a denial of fifth amendment rights.

We note at the outset that under Article 36, U.C.M.J., 10 U.S.C. § 836 (1970), the President is authorized to prescribe rules of procedures for "courts-martial, courts of inquiry, military commissions, and other military tribunals * * *." Pursuant to this authority, the Manual for Courts Martial (MCM) was issued. Under the regulation as thus promulgated by the President, MCM, paragraph 82b(1) and (5), the Article 32 investigation report is required to be appended to the complete set of records submitted to the convening authority and the Court of Military Review. This regulation provides:

b. Contents. (1) *General.* The record of the proceedings in each case will be separate and complete in itself and independent of any other document. The record will show all the essential jurisdictional facts. It will set forth a verbatim transcript, except as provided below, of all proceedings had in open sessions of the court, all sessions held by the military judge, and hearing held out of the presence of the members. See 74f(1) and Article 39.

\*   \*   \*   \*   \*   \*

(5) *Appendages.* Accompanying the original record—securely bound together—will be the original charge sheet and, if not used as exhibits or properly disposed of otherwise, the other papers which accompanied the charges when referred for trial, *including the report of investigation under Article 32* and, if the trial was a rehearing or new or other trial of the case, the record of the former hearing or hearings. [Emphasis supplied.]

In deciding whether or not the inclusion of the particular Article 32 report in the record violated any substantive rights as alleged by the plaintiff, the use of the report permitted by the regulations must be considered.

■ The Uniform Code of Military Justice, 10 U.S.C. §§ 801–940 (1970) requires that a conviction made at a court-martial be reviewed first by the convening authority and then by the Court of Military Review, 10 U.S.C. §§ 860, 866 (1970). It further specifies that, unlike civilian appellate courts, the scope of review may include both the findings of fact and the conclusions of law. As a result, the review authorities are permitted to exercise their own discretion as to the weight that may be given to evidence obtained at the trial, credibility of witnesses, and other issues of fact normally reserved in civilian courts to the initial trier of facts. This discretion to review the factual basis of a conviction is limited, however, by MCM, paragraph 86b(1)(c) to competent evidence established at trial as follows:

b. *Matters to be considered on review.* (1) *When proceedings resulted in findings of guilty.* Before he may approve a finding of an offense or the

sentence adjudged therefor, the convening authority must determine:

\* \* \* \* \* \*

(c) That the *competent evidence of record* (87a(3); ch. XXVII) established beyond a reasonable doubt each element found guilty (ch. XXVIII); [Emphasis supplied.]

\* \* \* \* \* \*

The limitation on the scope of review to "competent evidence of record" would appear to exclude hearsay from consideration by the convening authority reviewing a court-martial conviction as to the guilt or innocence of a defendant. Since the Article 32 report is clearly hearsay, containing as it does statements not subjected to cross-examination, under MCM, paragraph 86b(1)(c), it could not be the basis of any decision on guilt or innocence by the convening authority. Thus, although the MCM requires that the Article 32 report be appended to the record, it forbids the reviewing authorities from considering its contents, except for mitigating purposes as stated below, where such contents do not represent competent evidence of record.

■ Although regulation MCM, paragraph 86b(1)(c) appears to govern only the convening authority and not the Court of Military Review, the Court of Military Appeals has ruled in United States v. Duffy, 3 U.S.C.M.A. 20, 11 C.M.R. 20 (1953) that reviewing authorities, in affirming or reversing a conviction, cannot use evidence that was outside of the trial record. This case, based not on regulation but on the earlier version of Article 64 and 66, U.C.M.J., 10 U.S.C. §§ 864 and 866 (1970), would clearly limit the scope of review open to the Court of Military Review in the same fashion that MCM, paragraph 86b(1)(c) limits the convening authority and prohibits the Article 32 report from being used in any review of the guilt or innocence of the present plaintiff. *See also,* United States v. Lanford, 6 U.S.C. M.A. 371, 20 C.M.R. 87 (1955).

■ State and federal courts have long held that a judge sitting in a non-jury case can hear both admissible and inadmissible evidence without reversible error taking place. In such a case, the judge will merely exclude from his consideration the inadmissible evidence and base his decision solely on the evidence that is competent and probative. Chief Judge Marshall in an early Supreme Court case reaffirmed this principle upon which all non-jury cases are based:

[A]s the cause was by consent not tried by a jury, the exception to the admission of evidence was not properly the subject of a bill of exceptions. But if the District Court improperly admitted the evidence, the only effect would be, that this Court would reject that evidence, and proceed to decide the cause, as if it were not in the record. It would not, however, of itself, constitute any ground for a reversal of the judgment. \* \* \* [Field v. United States, 34 U.S. (9 Pet.) 182, 202, 9 L.Ed. 94 (1834).]

*See also* Weems v. George, 54 U.S. (13 How.) 190, 14 L.Ed. 108 (1851). The Court of Military Review, comprised of panels of military judges, all of whom are members of the bar of a federal court or of the highest court of their state as required by 10 U.S.C. § 866(a), is well qualified to exclude the contents of the Article 32 report from its review of a defendant's guilt or innocence as mandated by the regulation. Just as no error or constitutional defect occurs when a judge sitting without jury hears proffered evidence ruled by him to be inadmissible, so, too, no error or constitutional defect occurs when the Court of Military Review sees an Article 32 report but as required by regulation, does not base its decision upon it.

This rule was observed in United States v. Swenson, 165 F.2d 756 (2d Cir. 1948) where evidence not available at trial was placed in the trial record forwarded to the staff judge advocate reviewing a conviction. The judge advocate noted in his affirmance of the conviction that he did not consider the added evidence presented to him. On appeal through a habeas corpus proceeding,

the plaintiff argued that regardless of his intention it would be humanly impossible for the reviewing authority to blot from memory the contents of the new evidence. Judge Swan rejected this argument saying:

> [W]e do not think the rule applicable to courts-martial is different in this respect from the rule in civilian courts. Frequently the civilian judge in deciding facts must pass on the competence of evidence, determine to exclude it, and then decide the case as though he had never learned of the excluded evidence. Even in jury cases, it is at times assumed that a jury may disabuse their minds of facts which have been brought to their attention; * *. [*Id.* at 757.]

Although in *Swenson*, it is not clear whether the judge actually saw the evidence in question, the holding is broad enough to include the situation where in fact the military judge has seen evidence adjudged incompetent. In the instant case, although we agree that review of the conviction of the plaintiff should not be based on such inadmissible materials as the Article 32 report, there is no evidence that the reviewing authorities ever saw the report, or if they did, that they based their decision to some extent upon its content in violation of regulation and case law.

At oral argument, the plaintiff asserted that although the Court of Military Review is comprised of judges, the convening authority, who represents the first review of a conviction, is neither a judge nor a lawyer and therefore is less able to exclude from his decision the incompetent evidence represented by the Article 32 report. Although this may be true, the Uniform Code of Military Justice provides a second complete review based on both the facts and law of the case in the Court of Military Review. As such, the defendant at a court-martial is given an opportunity to have his conviction reviewed de novo by the Court of Military Review and any prejudice resulting from improprieties in the convening authority's basis for his decision is completely removed.

■ Although as seen, the Article 32 report cannot be used in considering the guilt or innocence of the defendant at a court-martial, there is no prohibition against using it in reviewing the sentence. *See* United States v. Bethea, 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973), and United States v. Lanford, *supra.* According to Articles 64 and 66, U.C.M.J., 10 U.S.C. §§ 864, and 866, the reviewing authorities can only reduce a sentence or overturn a conviction, never increase them. As a result, to the extent the Article 32 report is used in a review of a defendant's sentence it serves only as mitigating evidence.

In United States v. Lanford, *supra*, during a review of the defendant's sentence imposed after a guilty plea, evidence contained in his service record and not introduced at an earlier hearing was utilized by the reviewing authority. The defendant's argument that his service record should not have been considered during the appeal of his sentence was rejected by the Military Court of Appeals when it said:

> * * * The sentence imposed by the court is not final. It cannot be increased, but it may be mitigated by the reviewing authorities. The question then arises as to whether the interests of justice require these reviewing authorities to look no further than the trial proceedings for facts which would justify a reduction in the sentence. It seems to us that an accused would be the last person to urge that rule. In any event, we think that the law is less harsh. In our opinion, justice is fostered by giving the reviewing authorities power to go outside the record of trial for information as to the sentence. * * * [6 U.S.C.M.A. at 379.]

In a recent Court of Military Appeals case, United States v. Bethea, *supra*, although the court held that an Article 32 report cannot be used on appeal for deciding the guilt or innocence of a defendant convicted at a court-martial, it did reaffirm the holding of *Lanford* which had permitted the use of evidence *de*

*hors* the trial record in reviewing the sentence.

Because the only way in which an Article 32 investigative report may be used by the convening authority or the Court of Military Review is to provide mitigating information for the potential reduction of a defendant's sentence, there is no real prejudice resulting from its being seen by those reviewing bodies. In fact, in the instant case where the sentence was substantially lowered at each step of the appeal, being reduced from 80 years of hard labor to only 10, there is no evidence that the inclusion of the report adversely affected the present plaintiff's rights.

■ Even beyond the consideration of whether inclusion of the Article 32 investigative report violates statute or regulation, the claims of the plaintiff fail to rise to the constitutional levels required before a review of a final decision in a court-martial is allowed in this court. Article 76, U.C.M.J., 10 U.S.C. § 876 (1970), makes final all decisions of courts-martial, as follows:

> § 876. Art. 76. Finality of proceedings, findings, and sentences
>
> The appellate review of records of trial provided by this chapter, the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution under sentences by courts-martial following approval, review, or affirmation as required by this chapter, are final and conclusive. Orders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States, subject only to action upon a petition for a new trial as provided in section 873 of this title (article 73) and to action by the Secretary concerned as provided in section 874 of this title (article 74), and the authority of the President. Aug. 10, 1956, ch. 1041, 70A Stat. 64.

Under the finality provision of section 876 it would appear that any *appeal* of a court-martial to this court arising in the posture of a suit for back pay would be prohibited. Cases have limited the reach of this statute by excepting collateral review through habeas corpus petitions, Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed 141 (1950); Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed 146 (1950), or by making exceptions for circumstances where a court-martial has so completely denied fifth or sixth amendment rights that the very jurisdiction of the court may be denied. Begalke v. United States, 286 F.2d 606, 148 Ct.Cl. 397 (1960), cert. denied, 364 U.S. 865, 81 S.Ct. 108, 5 L.Ed.2d 87; Shapiro v. United States, 69 F.Supp. 205, 107 Ct.Cl. 650 (1947).

In the most recent Supreme Court case in which review of a court-martial was sought through a suit here for back pay, United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), the Court held that where the alleged infirmities at the court-martial fail to rise to a constitutional level, this court has no jurisdiction to collaterally review the conviction. Although what is a sufficient constitutional claim is not precisely clear, the Supreme Court stated in *Augenblick*:

> [A]part from trials conducted in violation of express constitutional mandates, a constitutionally unfair trial takes place only where the barriers and safeguards are so relaxed or forgotten, as in Moore v. Dempsey, *supra* [261 U.S. 86 [, 43 S.Ct. 265, 67 L.Ed. 543] (1923)], that the proceeding is more a spectacle (Rideau v. Louisiana, 373 U.S. 723, 726 [, 83 S.Ct. 1417, 10 L.Ed.2d 663]) or trial by ordeal (Brown v. Mississippi, 297 U.S. 278, 285 [, 56 S.Ct. 461, 464, 80 L.Ed. 682]) than a disciplined contest. [*Id.*, 393 U.S. at 356, 89 S.Ct. at 534.]

Where, as here, the inclusion of the Article 32 report was in accordance with official regulations, the court-martial cannot be considered a "spectacle" or a

"trial by ordeal." *See* Taylor v. United States, 199 Ct.Cl. 171 (1972); Gallagher v. United States, 423 F.2d 1371, 1378, 191 Ct.Cl. 546, 557 (1970), cert. denied, 400 U.S. 849, 91 S.Ct. 58, 27 L.Ed.2d 86. Similarly, since the issue of the Article 32 report was raised at all of the military forums available to the instant plaintiff and dismissed by them, it should not be permitted to be raised again here. *See* Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953), where the court said:

* * * But these provisions [dealing with the finality of courts-martial] do mean that when a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence. * * * [*Id.* at 142, 73 S.Ct. at 1049.]

For all of the reasons enumerated above, we hold that since the military reviewing authorities conducted themselves at all times in accordance with the regulations governing court-martials, and since the plaintiff's claims with respect to count one do not rise to a constitutional level, we do not have jurisdiction to decide this portion of the case. United States v. Augenblick, *supra.* We, therefore, deny plaintiff's motion for summary judgment as to count one and grant the defendant's motion for summary judgment as to count one and dismiss plaintiff's petition as to that count, and remand the remainder of the case to the trial judge for further proceedings regarding counts two and three.