**Marcellous COOPER, Jr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 415–89C.**

United States Claims Court.

July 20, 1990.

Stephen C. Glassman, Washington, D.C., for plaintiff.

John S. Groat, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. LTC Mark A. Steinbeck and CPT M. Wells–Petry, Dept. of the Army, of counsel.

## OPINION

MARGOLIS, Judge.

This military back pay case is before the court on the defendant's motion to dismiss. Plaintiff is a former Army officer honorably discharged for twice failing to receive a promotion to the next highest rank. Plaintiff alleges that the promotion was denied because of his prior court-martial convictions, and further alleges that those convictions were the result of constitutionally infirm proceedings. Therefore, plaintiff has mounted a collateral attack on the court-martial convictions, asking this court to set aside both the convictions and the subsequent discharge, to correct his record to eliminate reference to the convictions, to promote plaintiff and to award back pay and allowances accrued during the time following his discharge. Defendant has moved to dismiss, arguing first that this court lacks jurisdiction to entertain a collateral attack on a court-martial conviction. Defendant argues in the alternative that plaintiff has failed to show that Article 134 of the Uniform Code of Military Justice, under which plaintiff was convicted, is unconstitutionally vague.

After a careful review of the entire record, and after hearing oral argument, the court finds that it does have jurisdiction to hear this case, and grants the defendant's motion to dismiss for failure to state a cause of action upon which relief can be granted.

## FACTS

In May 1979, the plaintiff, Captain Marcellous Cooper, Jr., was tried and convicted by a general court-martial at Fort Huachuca, Arizona, for violations of the Uniform Code of Military Justice, specifically Article 133, 10 U.S.C. § 933, and Article 134, 10 U.S.C. § 934. Cooper was sentenced to forfeit $500 per month for nine months.

The convening authority established pursuant to 10 U.S.C. § 860 upheld the convictions, while suspending the execution of the forfeiture in excess of $250 per month for nine months. At the plaintiff's request, the military trial judge made numerous specific findings of fact in support of the plaintiff's convictions. 2 Record of Trial 516–21. Captain Cooper filed a petition for review with the Judge Advocate General of the Army, who in turn referred the case for review by the Army Court of Military Review (ACMR).

In August 1980, the ACMR dismissed the conviction under Article 133; therefore that charge will not be reviewed here. However, the ACMR specifically affirmed the trial court's findings that Captain Cooper was guilty under Article 134 of two counts of conduct prejudicial to good order and discipline.[1] In its opinion affirming the convictions under Article 134, the ACMR reviewed the trial court's findings of fact, and stated:

> It is beyond cavil that "the acts and circumstances proven are such as to lead a reasonably prudent person, experienced in the problems of military leadership, to conclude that the good order and discipline of the armed forces has been prejudiced...." The trier of fact so found at trial and so do we.

*United States v. Cooper*, Mem.Op. at 4 (C.M.R., August 11, 1980); 1 Record of Trial 70, 73. (citation omitted).

Plaintiff sought review by the United States Court of Military Appeals (COMA), but the Judge Advocate General exercised his authority to refuse to refer the case to the COMA, and the COMA denied the plaintiff's subsequent petition for extraordinary relief.

The plaintiff was not discharged from the Army as a result of his convictions. In fact, in 1981 and 1983, the plaintiff was considered by the Army selection board for

---

**1.** Article 134 is found at 10 U.S.C. § 934, which reads as follows:

Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes

and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

promotion to the rank of major. In both instances, he was passed over. In 1984, after an unsuccessful attempt to enjoin the Army from discharging him, Captain Cooper received an honorable discharge from the service pursuant to 10 U.S.C. § 632 (twice failing of selection to the next highest grade). Plaintiff then filed suit in the United States District Court for the District of Columbia alleging that his court-martial conviction was a violation of due process, on the grounds, *inter alia*, that Article 134 provided no discernable standards of conduct which could have informed him that his conduct constituted a prosecutable criminal offense. The district court dismissed the suit, holding that plaintiff had failed to exhaust his administrative remedy available at the Army Board for Correction of Military Records (ABCMR). The United States Court of Appeals for the Federal Circuit vacated that dismissal and remanded the case to the district court, finding that plaintiff had indeed exhausted his administrative remedy as to the due process claim. *Cooper v. Marsh*, 807 F.2d 988 (Fed.Cir.1986). Because the sum of lost wages and benefits claimed exceeds $10,000, the case was transferred from the district court to the Claims Court.

The defendant once again moves to dismiss the case, on the grounds that the Claims Court lacks jurisdiction to hear a collateral attack on a court-martial conviction. Alternatively, defendant argues that plaintiff has failed to state a claim upon which relief can be granted because his complaint does not raise a genuine issue of constitutional unfairness so serious as to render the court-martial convictions void. Finally, defendant argues that, should this court reach the merits of the court-martial convictions, those convictions should be upheld on the basis of the facts ascertained by the military judge.

## DISCUSSION

The plaintiff was charged with one specification under Article 133, conduct unbecoming an officer and a gentleman by soliciting another to make a false statement; his conviction on that specification was not sustained by the ACMR, and need not be further discussed here. He was also charged with four specifications of conduct in violation of Article 134, conduct prejudicial to good order and discipline. *See note 1, supra.* The second specification was subsequently dismissed because the accuser was hospitalized and unable to testify. (A rape charge brought under Article 120 was dismissed for the same reason.) Captain Cooper was found not guilty of the fourth specification, obstruction of justice. The military judge found Cooper guilty of the second and third specifications, which alleged fraternization with service members of different rank. Specifically, the plaintiff was found to have been drinking with, and to have engaged, on several occasions, in sexual intercourse with two different female enlisted service members who were members of his battalion. Although the women were not at that time under the plaintiff's direct command, the military judge nonetheless found that the plaintiff's actions were in violation of Article 134, in that they necessarily prejudiced good order and discipline.

## I. Subject Matter Jurisdiction

■ The defendant argues that the Claims Court lacks jurisdiction to entertain a collateral attack on Cooper's court-martial conviction as a result of recent legislative and judicial developments. Defendant argues that the 1983 amendments to the Uniform Code of Military Justice which allow the Supreme Court to review a court-martial conviction upon a writ of *certiorari* have the effect of precluding review in the Claims Court. 28 U.S.C. § 1259. The defendant urges adoption of its theory that Congress envisioned a "scheme" of review which would encompass all challenges to the decisions of military courts, and preempt review in any other forum. *See, e.g., Carter v. Gibbs*, 114 Lab.Cas.P. 35, 337 No. 88–1576 (Fed.Cir., March 30, 1990) (1990 WL 34,942).

■ After reviewing the legislative history as set forth by defendant in this and other cases, *see, e.g., Matias v. United States*, 19 Cl.Ct. 635 (1990), the court does

not agree with the defendant's interpretation. Although court-martial convictions are not directly reviewable in the Claims Court, this court does have jurisdiction to hear collateral attacks on the constitutionality of a court-martial conviction when there are back pay and monetary consequences. *Bowling v. United States*, 713 F.2d 1558, 1560 (Fed.Cir.1983). That review is available notwithstanding the language of 10 U.S.C. § 876 which states that dismissals and discharges under sentences by courts-martial are final and conclusive. *Id.* at 1560–61, citing *Schlesinger v. Councilman*, 420 U.S. 738, 749, 95 S.Ct. 1300, 1308, 43 L.Ed.2d 591 (1975). This is the long-standing precedent of this court and the Federal Circuit, and jurisdiction will not be deemed repealed in the absence of a specific Congressional pronouncement to that effect.

## II. Scope of Review

■■■ Civil courts may properly review decisions of courts-martial only when the plaintiff's claims rise to a serious constitutional level. *United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). A mere showing of error will not, by itself, make a court-martial constitutionally unfair. *See, e.g., McDonald v. United States*, 205 Ct.Cl. 780, 786, 507 F.2d 1271, 1274–75 (1974). In *Augenblick*, the Supreme Court held that:

> apart from trials conducted in violation of express constitutional mandates, a constitutionally unfair trial takes place only where the barriers and safeguards are so relaxed or forgotten ... that the proceeding is more a spectacle ... or trial by ordeal ... than a disciplined contest.

393 U.S. at 356, 89 S.Ct. at 533.

■■■ Even when properly hearing a collateral attack on a court-martial conviction, the scope of review for the Claims Court is exceedingly narrow. Military tribunals must be accorded reasonable scope for the exercise of judgment. *Flute v. United States*, 210 Ct.Cl. 34, 39, 535 F.2d 624, 627 (1976). It is the limited function of the civil courts to determine whether the plaintiff's

claims have been given fair consideration. *See, e.g., Burns v. Wilson*, 346 U.S. 137, 144, 73 S.Ct. 1045, 1049, 97 L.Ed. 1508, *reh'g denied*, 346 U.S. 844, 74 S.Ct. 3, 98 L.Ed. 363 (1953). Furthermore, the court may not entertain challenges to questions of fact resolved by military courts. *See, e.g., Bowling*, 713 F.2d at 1561; *Flute*, 210 Ct.Cl. at 38, 535 F.2d at 626; *Artis v. United States*, 205 Ct.Cl. 732, 740, 506 F.2d 1387, 1391 (1974).

Finally, this court notes that in its review, it must accord a particularly high level of deference to the military judicial system. As the Supreme Court noted in *Burns*, "[m]ilitary law ... is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment." Congress, and not the judiciary, is charged with the responsibility of striking the correct balance between the rights of service members and the "overriding demands of discipline and duty" required in the armed services. 346 U.S. at 140, 73 S.Ct. at 1047.

■■■ In light of the above, Captain Cooper has a difficult burden of proof in order to gain review of his court-martial conviction by a civil court. He must make a showing, not merely an allegation, that he has been subject to constitutional unfairness. *Gross v. United States*, 209 Ct.Cl. 70, 82, 531 F.2d 482, 490 (1976). Plaintiff must prove that the proceeding was constitutionally unfair according to the standard set forth in *Augenblick*. He attempts to do just that by characterizing the language of Article 134 as too vague to support his criminal convictions.

## III. Vagueness

■■■ The plaintiff in this case argues that Article 134 should be held constitutionally void for vagueness, in that the language of the statute did not put him on notice that the conduct in which he engaged was proscribed. The plaintiff's argument must fail. A statute is void for vagueness where one could not reasonably understand that his contemplated conduct is proscribed. *Parker v. Levy*, 417 U.S. 733, 757, 94 S.Ct. 2547, 2562, 41 L.Ed.2d

439 (1974), citing *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954). A statute is not void for vagueness when it requires a person to conform his conduct to an imprecise but comprehensible normative standard; it is void for vagueness when no standard of conduct is specified at all. *Parker*, 417 U.S. at 755, 94 S.Ct. at 2561, citing *Coates v. Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971).

The Supreme Court in *Parker* specifically addressed Article 134, and found that it was not vague; that it gave the plaintiff in that case fair notice that his conduct was punishable, because it was reasonable for him to know that his conduct was proscribed. Furthermore, the Court in *Parker* noted that Article 134 cannot be judged in a vacuum, but in the context in which the years have placed it. *Id.*, 417 U.S. at 752, 94 S.Ct. at 2559. Longstanding customs and usages of the services have imparted accepted meaning to the seemingly imprecise standard of Article 134. *Id.* at 746–47, 94 S.Ct. at 2557.

Fraternization between servicemen of different rank has been a serious, punishable offense under military law from its earliest days. *See* Carter, *Fraternization*, 113 Mil.L.Rev. 61 (1986). Courts-martial have convicted service members for engaging in far more innocent and harmless fraternization than that which occurred in this instance.[2] Therefore, a reasonable officer in Captain Cooper's position would know that having sexual relations with enlisted personnel would be proscribed. Plaintiff was put on notice that his conduct was impermissible by the longstanding customs of the Army which proscribed much more minor (even incidental) social and unprofessional contacts between officers and enlisted personnel. Article 134 is not too vague to support the court-martial's conclusion

that the plaintiff's behavior was prejudicial to good order and discipline.

Against that backdrop, the plaintiff, purportedly an excellent officer, cannot claim that he did not know that fornication between an officer and enlisted personnel was not proscribed conduct. Article 134 is not concerned with contemporary mores, whatever they may have been at the time in question. Rather, the question that was before the court-martial, and the question which it decided in light of longstanding military custom, was whether the plaintiff's actions were *prejudicial to good order and discipline*. The court-martial, after hearing all of the evidence, and using its expertise in military matters, found that they were.

In his defense, plaintiff references a memorandum from the Army General Counsel to the Inspector General, which discusses the Army's policy on fraternization, as illustrating that the plaintiff's conduct was not improper. The court notes that the memo in question is dated May 1, 1980, nearly two years after the conduct at issue in this case, and therefore could not have guided plaintiff in any way. Plaintiff's counsel suggests that the memo merely codified already existing policy; however, the court finds no evidence to support that assertion. Finally, the court notes that plaintiff was not convicted of "fraternization;"[3] he was convicted of conduct prejudicial to good order and discipline, a question of fact decided by the court-martial, using a constitutionally fair standard.

### CONCLUSION

The plaintiff has stated no grounds on which he can maintain a successful collateral attack on the constitutionality of his court-martial convictions. Therefore, for

---

**2.** Carter has catalogued scores of cases in which officers were convicted under Article 134 for conduct prejudicial to good order and discipline. Illustrative of those offenses are: borrowing money from or gambling with enlisted personnel, becoming intoxicated in their presence, showing or viewing pornographic movies with them, etc. The cases cited by the author illustrate a long history of convictions under Article 134 involving officers having consensual heterosexual intercourse with enlisted personnel. Carter, *Fraternization*, 113 Mil.L.Rev. 61, 84–86 (1986).

**3.** Fraternization itself was not even made a specific criminal offense until 1984. Carter, *Fraternization*, 113 Mil.L.Rev. at 61.

the reasons stated above, the defendant's motion to dismiss is granted on the basis that the plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Clerk will dismiss the complaint. Each party will bear its own costs.

