Jeffery A. REED, Sr., pro se, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–1428C.

United States Claims Court.

June 28, 1991.

Jeffery A. Reed, Sr., pro se.

Kathryn A. Bleecker, Washington, D.C., with whom were Asst. Atty. Gen. Stuart M. Gerson, Director David M. Cohen and Asst.

Director Thomas W. Petersen, for defendant. Lt. Col. Mark A. Steinbeck and Capt. Diana Moore, of counsel.

## OPINION

LYDON, Senior Judge:

This military pay case is before the court on defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to RUSCC 12(b)(1), and on the parties' cross-motions for summary judgment. Based on the parties' submissions, oral argument having been deemed unnecessary, the court concludes that the complaint must be dismissed.

## FACTS

The following facts are not in dispute. Plaintiff Jeffery A. Reed (Reed) is a former Sergeant E–5 in the United States Army who is currently imprisoned in the United States Disciplinary Barracks in Fort Worth, Texas. Plaintiff first enlisted in the Army on November 4, 1980, and he reenlisted for a four-year term on June 3, 1983. Reed's term of service was due to expire on June 2, 1987 (ETS date).

In April of 1986, Reed was tried by a general court-martial for adultery and rape, which are violations of military law. 10 U.S.C. §§ 920, 934. Although he pleaded not guilty, Reed was convicted of both offenses, and was sentenced to confinement for twenty years, forfeiture of $300 monthly pay for twenty years, a dishonorable discharge and a reduction in rank to Private E–1.

In July of 1986, the convening authority disapproved the adultery charge and dismissed it. Plaintiff's sentence was reduced to confinement for nineteen years and forfeiture of $300 monthly pay for nineteen years. Plaintiff's dishonorable discharge and reduction in rank were not changed.[1]

On appeal to the Army Court of Military Review (ACMR), the court upheld the findings and sentence of the convening authority in a decision dated April 8, 1987. On

---

1. The maximum sentence for adultery is one year, which explains why plaintiff's sentence was reduced by one year after the adultery charge was dismissed.

April 23, 1987, Reed appealed to the United States Court of Military Appeals (COMA), which remanded his case on March 1, 1988 for consideration of factual issues raised for the first time on appeal. Meanwhile, on June 2, 1987, Reed's term of service expired, at which time his military pay and allowances ceased. Upon remand, the ACMR affirmed its earlier findings, but reduced plaintiff's sentence to ten years, and reduced his pay forfeiture to ten years as well. Plaintiff's dishonorable discharge and reduction in rank were not changed.

Reed appealed again to the COMA, which denied his petition for review on August 24, 1989. The Court Martial Order was issued on October 25, 1989, and Reed's dishonorable discharge became effective on November 30, 1989.[2]

Plaintiff, acting *pro se*, filed suit in this court on September 25, 1990, claiming entitlement to back pay and allowances from June 2, 1987, his ETS date, through November 30, 1989, the date of his dishonorable discharge.[3] On November 30, 1990, defendant moved to dismiss plaintiff's complaint for lack of jurisdiction, which plaintiff opposed by filing a "motion to file supplemental pleadings" on February 21, 1991. Since plaintiff argues the merits of his complaint in this motion, the court has treated it as a motion for summary judgment. On May 15, 1991, defendant responded and cross-moved for summary judgment. Pursuant to the rules of this court, plaintiff is permitted to file a reply to defendant's motion. However, plaintiff has failed to do so within the time period allotted by the rules.

## DISCUSSION

Both parties have moved for summary judgment, and since there are no material factual disputes, the court agrees that this case is ripe for adjudication by summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1146 (Fed.Cir.1983); *Troise v. United States*, 21 Cl.Ct. 48, 59–60 (1990). In his complaint, plaintiff seeks to recover back pay and allowances to which he is allegedly entitled between his ETS date, June 2, 1987, and his dishonorable discharge date, November 30, 1989. In his motion for summary judgment, plaintiff challenges for the first time in this court the propriety of his court-martial on Constitutional grounds. As discussed below, although the court finds plaintiff is not entitled to recover on his back pay claim, the court feels it is appropriate to comment on plaintiff's Constitutional claims, in view of his *pro se* status.

### A. Back Pay Claim

■ In its motion to dismiss for lack of jurisdiction, defendant argues that plaintiff's entitlement to pay and allowances expired when his term of enlistment expired. In support of its position, defendant cites 37 U.S.C. § 204, and the Department of Defense Pay and Entitlement Manual (DODPM) ¶ 10361. Section 204 states that "a member of a uniformed service who is on active duty" is entitled to basic pay and

---

**2.** Sometime in 1989, Reed filed an undated application with the Army Board for Correction of Military Records (correction board), challenging his court-martial. In a letter dated December 12, 1989, the correction board responded to plaintiff's application by explaining that it has no statutory authority, pursuant to 10 U.S.C. § 1552, to affect the finality of a court-martial conviction. Therefore, the correction board filed plaintiff's application without acting on it. Plaintiff now challenges the correction board's decision to uphold his dishonorable discharge as arbitrary and capricious. The correction board properly determined that it had no jurisdiction to review plaintiff's court-martial, and thus it did not act on plaintiff's application. The correction board's decision in this regard

was not arbitrary or capricious. *See Martinez v. United States*, 914 F.2d 1486, 1488 (Fed.Cir. 1990). Accordingly, plaintiff's challenge in this regard lacks merit.

**3.** On October 3, 1990, plaintiff filed in federal district court a *habeas corpus* petition directly challenging his court-martial conviction. *Reed v. Hart*, No. 90–3428–R (D.Kan.). The materials before the court do not indicate the current status of the district court case. In any event, as discussed *infra*, a currently pending suit in district court may deprive this court of jurisdiction, pursuant to 28 U.S.C. § 1500. Defendant does not raise § 1500 as a defense to plaintiff's suit in this court.

allowances. The DODPM provides, in paragraph 10361, that "[i]f a member is confined serving court-martial sentence when the enlistment expires, pay and allowances ends on the date the enlistment expires unless the sentence is completely overturned or set aside." Defendant argues that since plaintiff's sentence was not "completely overturned or set aside," he is not entitled to receive pay after his term of enlistment expired.

Plaintiff claims he is entitled to pay after his term of enlistment expired because his "active duty" status continued beyond his term of enlistment until he received his discharge certificate and final pay, pursuant to 10 U.S.C. § 1168. Section 1168 states that a "member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty ... and his final pay or a substantial part of that pay, are ready for delivery to him...." However, section 1168 does not apply to plaintiff because, as discussed *infra*, his entitlement to pay ended when his term of enlistment expired, and therefore plaintiff could not have been on "active duty" after his enlistment expired on June 2, 1987.

The Claims Court is a court of limited jurisdiction. Under the Tucker Act, the court's jurisdictional statute, the court may render judgment only on claims against the federal government for money damages. 28 U.S.C. § 1491(a)(1); *United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *Austin v. United States*, 206 Ct.Cl. 719, 723, *cert. denied*, 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Jagnandan v. United States*, 17 Cl.Ct. 107, 111–12 (1989), *aff'd*, 897 F.2d 538 (Fed.Cir.1990); *McEniry v. United States*, 7 Cl.Ct. 622, 625, *aff'd*, 785 F.2d 323 (Fed.Cir.1985). In *Austin*, when an enlisted man challenged the validity of his discharge after his term of enlistment had expired, the Court of Claims found he had no money claim against the government, since he was paid through the date of his discharge. *Austin, supra*, 206 Ct.Cl. at 724. The court reasoned that since "servicemen have no right to reenlist at the expiration of their current enlistment, the United States has undertaken to pay them only to the end of the current enlistment." *Austin, supra*, 206 Ct.Cl. at 723; *see also Jagnandan, supra*, 17 Cl.Ct. at 112 (where conviction is upheld, soldier's entitlement to pay ceases upon expiration of enlistment, even if soldier is confined on and after expiration date); *McEniry, supra*, 7 Cl.Ct. at 626 (absent right to reenlist, entitlement to pay and allowances ceases upon termination of enlistment term). In view of the foregoing statute (37 U.S.C. § 204), DOD provision and case law, the court finds that, whether or not it has jurisdiction to consider plaintiff's claim, plaintiff is not entitled to military pay after his term of enlistment expired.

Plaintiff also argues that he is entitled to pay after his term of enlistment expired because he was "held for the convenience of the government," citing *Dickenson v. United States*, 163 Ct.Cl. 512 (1963), *Cowden v. United States*, 220 Ct.Cl. 490, 600 F.2d 1354 (1979), and *Rhoades v. United States*, 229 Ct.Cl. 282, 668 F.2d 1213 (1982). However, these cases involve circumstances that are significantly different from the facts of the case at bar.

In *Dickenson*, an enlisted man was held in confinement after his term of enlistment had expired to await trial by court-martial. Under the circumstances, the court held he was being held for the Army's convenience, and thus he was entitled to pay after his enlistment expired until his right to pay was properly terminated by the convening authority. *Dickenson, supra*, 163 Ct.Cl. at 519–20. Unlike *Dickenson*, in the present case plaintiff's term of enlistment expired on July 2, 1987, well after his rape conviction was upheld and his sentence was approved, though reduced from twenty to nineteen years, by the convening authority on July 15, 1986. This court has previously distinguished *Dickenson* on the basis that it "pertains to a serviceman who was held in confinement for the Army's convenience after his term of enlistment expired in order to conduct court-martial proceedings, not in connection with serving his sen-

tence." *Jagnandan, supra,* 17 Cl.Ct. at 113.

In *Rhoades,* the court found that an enlisted man who was re-tried after his conviction was set aside on appeal was entitled to pay from the date his enlistment expired until the date his second conviction was approved. *Rhoades, supra,* 229 Ct.Cl. at 285–86, 668 F.2d at 1216. In *Cowden,* the court held that an enlisted man was entitled to pay for the period of his confinement beyond the expiration of his term of service when his original conviction was invalidated and he is not re-tried, or is re-tried and acquitted. *Cowden, supra,* 220 Ct.Cl. at 499, 600 F.2d at 1359. Thus, *Rhoades* and *Cowden* are distinguishable from the present circumstances, since they turn on the principle that a discharge pursuant to an invalid conviction is itself invalid. Since the convictions in both cases were invalidated, the enlisted men were entitled to pay until validly discharged. As the court explained in *Jagnandan,* "[i]f plaintiff were subsequently vindicated, or found to have been illegally convicted, a finding that he was held in the service for the convenience of the Army may have entitled him to pay and allowances during the period between his release from confinement and active duty." *Jagnandan, supra,* 17 Cl.Ct. at 114. Here, although Reed tries to bring himself within the purview of this principle, by arguing that his adultery conviction was overturned on appeal, this argument is unavailing since plaintiff's rape conviction was upheld by the Army's highest appellate authority. It is of no significance that the appellate authorities reduced plaintiff's sentence from twenty to ten years. His rape conviction is valid, therefore his discharge is valid, and plaintiff is not entitled to pay and allowances after the expiration of his term of enlistment.

**B. Review of Court–Martial for Constitutional Errors**

■ Plaintiff's pleadings and briefs are not a model of clarity, and they leave much to be desired in terms of providing the court with useful and relevant legal authority to support plaintiff's position. However, since plaintiff is acting *pro se* before the court, plaintiff's submissions will be held to less stringent standards than those drafted by an attorney. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Froudi v. United States,* 22 Cl.Ct. 290, 293 (1991). In his complaint, plaintiff raised only the back pay claim discussed above. In his motion for summary judgment, plaintiff challenges for the first time in this court the propriety of his court-martial. Specifically, plaintiff raises nine issues in the case at bar, all of which were addressed and rejected throughout the military appellate process. Furthermore, plaintiff has raised the same nine issues in his *habeas corpus* petition challenging his court-martial, which he filed in federal district court on October 3, 1990.

The materials before the court do not indicate the current status of plaintiff's federal district court case, which was filed only eight days after he filed his back pay claim in this court. A currently pending suit in federal district court may deprive this court of jurisdiction to hear plaintiff's complaint, pursuant to 28 U.S.C. § 1500. Section 1500 prohibits an action in this court when an action on the same facts is pending in another federal court. The materials before the court indicate that both the federal district court action and the case at bar share the same factual and legal grounds. However, the impact of a currently pending district court case on this court's jurisdiction is uncertain, since the law is unsettled in this area. *Compare Tecon Engineers, Inc. v. United States,* 170 Ct.Cl. 389, 399, 343 F.2d 943, 946–47 (1965) (section 1500 deprives court of jurisdiction only when suit is filed in other court first), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966), *and Clark v. United States,* 19 Cl.Ct. 220, 222 (1990) (same) *with UNR Indus., Inc. v. United States,* 926 F.2d 1109 (Fed.Cir.1991). In *UNR Industries,* the Federal Circuit directed the parties to brief certain issues pertaining to section 1500, including "whether *Tecon* ... should be overruled." *UNR Industries, supra,* 926 F.2d at 1110. The

court also requested that the parties brief the question of "whether the term 'has pending' ... in § 1500 can be properly construed to mean pending at the time the Claims Court first entertains and acts on a Government motion to dismiss (or its equivalent) regardless of when the Claims Court suit was actually filed; or whether the term 'has pending' is properly construed to mean at the time when the Claims Court suit was filed." *Id.* In addition, the court asked the parties to brief the question of "whether the rule announced in *Johns–Manville Corp. v. United States,* 855 F.2d 1556 (Fed.Cir.1988), *cert. denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989), for determining what is a claim under § 1500 should be reconsidered, and if so, what should be the proper rule." *UNR Industries, supra,* 926 F.2d at 1110. Accordingly, because it is unclear whether section 1500 applies to the present circumstances, the court will proceed to comment on plaintiff's court-martial claim.

■ Generally, judgments by court-martial are not subject to review by federal civil courts, except for serious Constitutional errors. *See* 10 U.S.C. § 876 (military review of court-martial convictions are final, conclusive and binding on federal courts); *United States v. Augenblick,* 393 U.S. 348, 351–52, 89 S.Ct. 528, 531–32, 21 L.Ed.2d 537 (1969); *Bowling v. United States,* 713 F.2d 1558, 1560 (Fed.Cir.1983); *McDonald v. United States,* 205 Ct.Cl. 780, 786, 507 F.2d 1271, 1274–75 (1974); *Cooper v. United States,* 20 Cl.Ct. 770, 774 (1990); *Matias v. United States,* 19 Cl.Ct. 635, 638, *aff'd,* 923 F.2d 821 (Fed.Cir.1990). In *Augenblick,* the Supreme Court described the circumstances under which the Court of Claims could review a constitutionally defective court-martial proceeding: "apart from trials conducted in violation of express constitutional mandates, a constitutionally unfair trial takes place only where the barriers and safeguards are so relaxed or forgotten ... that the proceeding is more a spectacle ... or trial by ordeal ... than a disciplined contest." *Augenblick,*

*supra,* 393 U.S. at 356, 89 S.Ct. at 534 (citations omitted); *see also Bowling, supra,* 713 F.2d at 1560 (court-martial proceeding reviewable when there is such a deprivation of fundamental fairness as to impair due process); *Matias, supra,* 19 Cl. Ct. at 639 (same). After extensively analyzing the statutory scheme and pertinent case law in the area of judicial review of court-martials, the court in *Matias* concluded that "the narrow window of collateral attack review given to this Court remains open, but only for those issues that address the fundamental fairness in military proceedings and the constitutional guarantees of due process." *Matias, supra,* 19 Cl.Ct. at 641.

Plaintiff asserts the same nine grounds for attacking his court-martial that he raised as justification for his entitlement to *habeas corpus* relief before the district court. First, plaintiff claims the military judge erred in failing to instruct the panel on the affirmative defense of mistake of fact. Second, plaintiff claims prosecutorial misconduct (illegal command influence) and fraud on the court prejudiced his right to a fair trial. Third, plaintiff claims that the government failed to produce a relevant statement from his accuser. Fourth, plaintiff claims he was questioned by military officials without first having been advised of his rights under the fifth and sixth amendments and Article 31, U.C.M.J., 10 U.S.C. § 831. Fifth, plaintiff claims that the military judge failed to abate the proceedings because of the multiplicity of the charges and that the convening authority took improper corrective action. Sixth, plaintiff claims that the government made a correction to the charge sheet over the objection of defense counsel. Seventh, plaintiff claims that the chain of custody concerning some of the evidence admitted at trial was inaccurate. Eighth, plaintiff claims there was an improper selection of panel members. Finally, plaintiff claims that the government improperly destroyed evidence before the appellate process was complete in plaintiff's case.[4]

---

**4.** In addition, plaintiff alleges his due process rights were violated because he did not receive a

rehearing on his rape conviction after his adultery conviction was set aside. In support of his

The court has carefully examined each of the nine issues raised by plaintiff. None of the grounds for plaintiff's attack on his court-martial rises to the level of such a "deprivation of fundamental fairness as to impair due process." *Bowling, supra,* 713 F.2d at 1561. For example, plaintiff alleges the trial judge erred in refusing to allow defense counsel to present evidence of the rape victim's past sexual activity. According to plaintiff, such evidence would support his position that the victim consented to sexual activity. However, after extensive argument, the military judge determined that the evidence was not admissible under MRE 412.[5] The issue was raised on remand to the ACMR, which analyzed MRE 412 and determined that such evidence was neither probative nor relevant to the issue of whether plaintiff had raped the victim. The issue was also raised to, and considered by, the COMA. Thus, the issue was fully and fairly considered by the military appellate courts, and is not of the Constitutional magnitude to warrant review under *Augenblick* and *Bowling.*

 In addition, plaintiff challenges his court-martial on the ground that it was a "major error" because the date was missing from the charge sheet preferring charges against him. Plaintiff claims that such error prejudiced his "substantial rights," and constitutes "substantially new allegations" against him.[6] Plaintiff also

argues that the error has statute of limitations and jurisdictional implications. Plaintiff contends that this issue should have been brought to the attention of the convening authority, as he believes it would have influenced the court-martial decision. A substantial part of plaintiff's brief is devoted to this issue. Apparently, the date was added as a minor amendment during an investigation hearing held before the court-martial trial, at which time defense counsel objected. Defense counsel did not object at trial. However, the ACMR considered the issue on appeal. Plaintiff does not allege that the amendment added an incorrect date, nor does plaintiff identify how this date affects the statute of limitations or how it raises any Constitutional or jurisdictional issues. In short, plaintiff presents no evidence, nor does the record indicate, that this minor typographical error has in any way affected plaintiff's legal rights with regard to the court-martial. *See United States v. Brown,* 21 M.J. 995 (ACMR 1986) (amending indecent assault charge to lesser included offense did not subject accused to new charge or mislead accused—not a major change). Even if it was error to allow the amendment, a mere showing of error will not, by itself, make a court-martial Constitutionally unfair. *Cooper, supra,* 20 Cl.Ct. at 774; *Refre v. United States,* 11 Cl.Ct. 81, 83–84 (1986), *aff'd,* 833 F.2d 1022 (Fed.Cir.1987), *cert. denied,*

position, plaintiff relies on *Cowden v. United States,* 220 Ct.Cl. 490, 600 F.2d 1354 (1979), and on *Dickenson v. United States,* 163 Ct.Cl. 512 (1963). As discussed above, these two cases deal with situations where the enlisted men were found to be "held for the convenience of the government," and thus entitled to pay beyond their enlistment terms. *Cowden* is distinguishable from the present case because in *Cowden,* the court-martial was set aside and no new trial was held. In *Dickenson,* the accused's term of enlistment expired while he was awaiting court-martial, which is not the case here. These cases have nothing to do with the issue in this case of whether Reed should have received a rehearing on his rape conviction. Moreover, after the convening authority set aside Reed's adultery conviction, two military appellate courts reviewed his case. Neither the ACMR nor the COMA deemed it necessary to grant plaintiff a rehearing on his rape conviction. Plaintiff's due process rights were not violated

at any stage of the military trial or appeal process. Therefore, as discussed above, plaintiff's court-martial is not reviewable in this court because he fails to allege defects of a serious Constitutional nature. *See United States v. Augenblick,* 393 U.S. 348, 351–52, 89 S.Ct. 528, 531–32, 21 L.Ed.2d 537 (1969).

5. Military Rule of Evidence 412, like Federal Rule of Evidence 412, generally prohibits reputation or opinion evidence of past sexual behavior of the alleged rape victim in a nonconsensual sex offense case.

6. Court Martial Rule 60 defines a "minor change" in a charge as "any except those which add a party, offense, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offense charged." The date on which the charges against plaintiff were preferred falls within the ambit of a "minor change."

486 U.S. 1011, 108 S.Ct. 1743, 100 L.Ed.2d 206 (1988).[7]

Finally, plaintiff attacks the court-martial panel selection process as improper. Defense counsel raised this issue prior to submission of the pleas and provided a detailed brief to the military judge. The military judge determined that there was no evidence of the systematic exclusion of lower ranking members by the convening authority in the selection of the court-martial panels. The convening authority also considered the issue, as did the ACMR. "When an issue has been briefed and argued before a military court, it has received full and fair consideration...." *Matias, supra,* 19 Cl.Ct. at 646. Since plaintiff received full and fair consideration of this issue in the military courts, and he can identify no Constitutional error of due process magnitude in connection with his improper selection claim, the court finds no reason to set aside plaintiff's court-martial in this regard.

The court has carefully reviewed each of plaintiff's challenges to his court-martial, and the court concludes that plaintiff does not meet the *Augenblick* standard of demonstrating convincingly that his court-martial proceedings so deprived him of fundamental fairness as to impair due process. *Bowling, supra,* 713 F.2d at 1561 (citing *Augenblick, supra*). Plaintiff's case was appealed and reviewed through the military's highest appellate levels, including the Army Court of Military Review (ACMR), and the Court of Military Appeals (COMA). A review of the materials before the court indicates that plaintiff's due process rights were carefully protected at every stage of the court-martial proceedings. Indeed, COMA remanded plaintiff's case to the ACMR for trial of factual issues that plaintiff raised for the first time on appeal. Plaintiff was represented by military counsel from the time he was first charged with criminal violations of military law, and he had the benefit of both military and civilian counsel during the appeal of his court-martial. As the Supreme Court stated in *Burns v. Wilson,* 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953):

> These records make it plain that the military courts have heard petitioners out on every significant allegation which they now urge. Accordingly, it is not the duty of the civil courts simply to repeat that process—to reexamine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of [petitioners'] allegations.... It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.

*Burns, supra,* 346 U.S. at 144, 73 S.Ct. at 1050 (*quoted in Bowling, supra,* 713 F.2d at 1561). In *Bowling,* the Federal Circuit emphasized that it would not reweigh the evidence at plaintiff's court-martial in order that the court might substitute its judgment for that of the military court. *Bowling, supra,* 713 F.2d at 1561.

It is clear from the materials before the court in the present case that all of plaintiff's significant allegations before this court were heard and considered by the military courts. Plaintiff's due process rights were not violated at any stage of the court-martial proceedings. Therefore, plaintiff's court-martial is not reviewable by this court.

## CONCLUSION

For the foregoing reasons, the court finds that plaintiff is not entitled to pay and allowances after his term of enlistment expired. In addition, the court upholds plaintiff's court-martial as it is free from due process defects of Constitutional dimension. Accordingly, defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is

---

**7.** Moreover, any such error in allowing the amendment, if indeed it was error, would likely be deemed harmless under the circumstances, that is, it would not affect plaintiff's substantial rights nor would it affect the outcome of the proceedings. *See Sanders v. United States,* 219 Ct.Cl. 285, 309–10, 594 F.2d 804, 818 (1979); *Matias v. United States,* 19 Cl.Ct. 635, 641–42 (1990); RUSCC 61.

denied. The Clerk shall enter judgment dismissing plaintiff's complaint. No costs.