UNITED STATES of America,
Plaintiff,

v.

Ambrose T. CATES, Defendant.

Civ. A. No. 62–C–113.

United States District Court
E. D. New York.

May 28, 1964.

Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., represented plaintiff. E. R. Eisen, Asst. U. S. Atty., of counsel.

Murray H. Miller, Jamaica, N. Y., represented defendant.

MISHLER, District Judge.

Motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure.

The Government claims the sum of $4,277.72 with interest from December 8, 1959, by reason of military pay erroneously paid by the Government for the period August 8, 1957 to October 30, 1958.

The complaint alleges and the answer admits the following facts:

Defendant enlisted in the United States Army on August 9, 1951, for a term of six years. On August 8, 1957, the expiration date of enlistment, defendant was confined to United States Disciplinary Barracks at Fort Leavenworth, Kansas, pending review of a sentence of Court-Martial of defendant. On December 8, 1959, defendant was paid a sum of money, part of which was for the period August 8, 1957 to October 30, 1958, representing military pay.

The undisputed facts are that on July 25, 1958, the sentence of Court-Martial was set aside and a rehearing ordered. Defendant continued in custody until the rehearing on October 30, 1958. On October 30, 1958, defendant pleaded guilty to the charge of willfully and unlawfully killing another member of the armed forces by shooting him with a pistol. He was then sentenced to

a) Dishonorable discharge

b) Forfeiture of all pay and allowances

c) Confined to a term of six years, crediting defendant with time served from October 17, 1956.

The decision of the Court-Martial (October 28, 1958) directed:

"The forfeitures shall apply to pay and allowances becoming due on and after the date of this action."

The affidavit of defendant's attorney does not dispute the facts. Though he states "that there are issues to be tried herein," none are suggested except issues of law.

■ Prior to rehearing, defendant was in custody pending Court-Martial. Had he been acquitted, his detention then would have been for the convenience of the Government. He would then be entitled to pay and allowances. The principle is stated in Vol. 30 of decisions of

the Comptroller General at p. 451 [B–100037] as follows:

"*, * * pay and allowances of an enlisted person whose term of enlistment expires while he is in confinement, awaiting trial by court-martial, terminate on the date of the expiration of his term of enlistment unless he is acquitted * * *."

■■ The contract of employment is fixed in time and the obligation to pay terminates with the expiration date of the enlistment period. The obligation extends beyond the period only if detention is for the convenience of the Government or the enlisted man is engaged in making up lost time. Where a soldier commits a crime, the Government has the right to prosecute and punish. Decision of Acting Comptroller General, Vol. 17 at p. 103 [A–87291].

■ Defendant's detention, subsequent to the expiration of his enlistment period, was not pursuant to the enlistment contract. It was solely to insure his appearance at the rehearing to answer the charge against him. His plea of guilty eliminated the claim that such detention was for the convenience of the Government. Bobby J. Moses, v. United States, 137 Ct.Cl. 374, 380.

■■ The direction in the sentence of Court-Martial for forfeiture of pay and allowances after October 28, 1958, did not obligate the Government to pay for the period before October 28, 1958. Court-Martial may direct forfeiture; it may not create Governmental obligations. This power is within the discretion of Congress. See previously cited decision of Acting Comptroller General, Vol. 17 at p. 103, 104 [A–87291].

■ The answer to defendant's claim of lack of jurisdiction over the subject matter is 28 U.S.C. § 1345.[1] The Court of Appeals of this Circuit specifically referred to an action for overpayment as being within the ambit of jurisdiction

---

1. § 1345. United States as plaintiff
    "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions,

suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

conferred by 28 U.S.C. § 1345, in United States v. Garcia & Diaz, Inc., 1961, 2 Cir., 291 F.2d 242, 244.

The Court finds that the pleadings present no genuine issue of fact. In any event, the vague, conclusory allegations contained in the affidavit of defendant's attorney are an inadequate answer to the motion. Dressler v. The MV Sandpiper, 2 Cir., 331 F.2d 130 (1964).

Motion is granted. Settle order on two (2) days notice directing the entry of judgment in the sum of $4,277.72 with interest from December 8, 1959, together with costs and disbursements in favor of the plaintiff and against the defendant.