James J. COWDEN

v.

The UNITED STATES.

No. 242–78.

United States Court of Claims.

June 13, 1979.

ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

NICHOLS, Judge:

This case is before us on the parties' cross-motions for summary judgment. The issue is whether plaintiff James Cowden is entitled to receive military pay and allowances from the expiration of his term of enlistment to the date of his formal release although he was confined and subsequently parolled during that time under a court-martial sentence later set aside and never set for rehearing. Based on our reading of the applicable statutes and military regulations, we conclude that plaintiff is entitled to recover.

Cowden enlisted in the Army on September 7, 1972, for a period of three years. During that time, he was charged with and convicted of violations under the Uniform Code of Military Justice (UCMJ) relating to conspiracy to introduce and sell controlled substances (amphetamines) on a military reservation. On September 4, 1975, a general court-martial sentenced plaintiff to a reduction in grade, forfeiture of all pay and allowances, confinement at hard labor for four years, and a dishonorable discharge.

Plaintiff served approximately 18 months at the U.S. Army Disciplinary Barracks in Fort Leavenworth, Kansas, was adjudged a parolee on December 16, 1976, and sent home to Indianapolis, Indiana. While he was on parole, the U. S. Army Court of Military Review determined on March 7, 1977, that his general court-martial conviction should be set aside because of prejudicial error at the trial level, i. e., improper admission of incompetent evidence. The court determined that "the findings of guilty are set aside and a rehearing may be ordered." No rehearing was ordered; court-martial order number 30 dated March 22, 1977, was issued dismissing all charges previously brought against Cowden and restoring "[a]ll rights, privileges, and proper-

Michael J. Kunstler, New York City, Atty. of record, for plaintiff Samuel B. Mayer, New York City, of counsel.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant. Captain Levator J. Norsworthy, Jr., Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, and NICHOLS and SMITH, Judges.

ty of which the accused has been deprived by virtue of the findings of guilty * *."

Plaintiff was formally released from military control on April 13, 1977. On that date, he was issued a Department of Defense Form 214 which stated that his "total service for pay" was "4 years, 7 months, 7 days," and that he was "[r]etained in service 585 days for convenience of the Government per Para. 2–4b, AR 635–200." Plaintiff urges that these records are admissions that bind the government, but this is an issue we do not reach.

The back pay in question in this case involves the period of September 7, 1975, the date plaintiff's term of enlistment expired, through April 13, 1977, the date he was released from military control.

## I

This controversy centers on a determination of what pay statutes and regulations are applicable in this case. Cowden argues that according to Army regulations, he was detained in the service after his enlistment expired "for the convenience of the government," and that therefore, he is entitled to pay and allowances under 37 U.S.C. § 204(a)(1), which is the statutory authority for payment to members of the uniformed services. Until he was discharged on April 13, 1977, his obligation to the military remained, despite the expiration of his term of enlistment. Given that the court-martial sentence which extended military authority over him was set aside, including the punishment of four years of confinement, Cowden asserts entitlement to pay and allowances from the expiration of his enlistment date through the periods while he was awaiting the outcome of his court-martial, while he was serving at the Detention Barracks at Fort Leavenworth, and while he was on parole in Indianapolis.

Cowden relies on Army Regulation 635–200 § 5 ¶ 2–15c for this argument. That regulation states that an individual retained after his term of enlistment "with a view to trial by court-martial and court-martial

charges are not preferred or are disposed of without trial, * * * will be regarded as having been retained in service for the convenience of the government." In addition, the Department of Defense Military Pay and Allowances Entitlements Manual (DoD Pay Manual) provides for his situation, Cowden argues, quoting ¶ 10104b and table 1–1–2, rule 8 note 4. Paragraph 10104 is entitled "Effect of Absence from Duty of Creditable Service." It refers the reader to table 1–1–2 to determine enlisted persons' rights under various circumstances. Rule 8 of that table states that when an enlisted member is absent "because of confinement for more than one day while awaiting trial (if the trial results in conviction) or confinement as the result of a court-martial sentence," the period of absence is not creditable. However, that section refers to a note 4 which states:

> 4. Period spent in confinement is creditable service when the member is acquitted or the sentence is set aside or disapproved.

Defendant relies on a different regulation, and reaches a different conclusion. The government maintains that ¶ 10104b of the DoD Pay Manual is inapplicable to a determination of whether the enlisted person is *entitled* to pay. Rather, it addresses the problem of determining time of service once entitlement is shown. Also, Army Reg. 635–200 ¶ 2–15c merely provides a regulatory basis to retain members of the Army beyond their terms of enlistment, and does not entitle them to payment.

Defendant would have us consider the DoD Pay Manual ¶ 10316b(2), which states that pay and allowances accrue to a member in military confinement except:

> b. After Expiration of Term of Service
>
> *   *   *   *   *   *
>
> (2) Confined Serving Court-Martial Sentence
>
> If a member is confined serving court-martial sentence when his enlistment expires, pay and allowances end on date the enlistment expires. They will not accrue again until the date he is restored to a

full duty status. Restoration to full duty status occurs when a member is assigned useful and productive duties which are considered by his commander to be consistent with his grade and years of service.

Defendant maintains that this regulation restates congressional intent that military members receive pay and allowances for services only if they are on active duty. Plaintiff never was assigned any "useful and productive duties consistent with his grade and service" after the court-martial, thus, he does not meet the requirements of ¶ 10316b(2), and, therefore, the government argues, cannot receive pay and allowances. Defendant concedes that plaintiff would be entitled to recover if he had been acquitted on a second trial. Brief, p. 17. *See Moses v. United States*, 137 Ct.Cl. 374, 380 (1957).

## II

■ It is difficult to determine whether any of these regulations were written with specific intent to cover the case we have here. In general, we find plaintiff's view preferable because it accords better with what we deem the underlying intent of the Uniform Code of Military Justice (UCMJ) and the Manual for Courts-Martial, and to these, subordinate regulations must conform. We find defendant's argument unsatisfactory. The regulation upon which it relies, ¶ 10316b(2), is inapplicable, for we read ¶ 10316b(2) as governing entitlement to pay and allowances if confinement is due to a *valid* court-martial, and the sentence did not forfeit the pay. The postulated case of return to full duty status is where the serviceman has served his sentence and is allowed to reenlist. Indeed, the regulation preceding ¶ 10316b(2), ¶ 10316b(1), makes a distinction between those *acquitted* under a court-martial and those *sentenced.* That regulation does not deal with the status of one whose sentence has been set aside, as it only refers to those confined before trial, not after trial.

The United States Government does have the right to retain a member of the armed forces after his term of enlistment if he is accused of or has committed an act which subjects him to a court-martial. Uniform Code of Military Justice, 10 U.S.C. § 802(7), Manual for Courts-Martial ¶ 11d (1969 Rev.), 34 Fed.Reg. 10503, 10523; *Gorko v. Commanding Officer, Second A. F., Shreveport, La.,* 314 F.2d 858 (10th Cir. 1963). And the government may impose penalties on the serviceman, such as confinement. UCMJ, 10 U.S.C. § 818. But if the court-martial has been set aside, such penalties cannot be imposed. Indeed, article 75(a) of the UCMJ states that:

(a) Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered  *  *  *. 10 U.S.C. § 875(a).

No decision cited by defendant implies the power to impose a punishment without a valid court-martial. Even 40 Comp.Gen. 202 (Oct. 7, 1960), heavily relied upon by defendant, emphasizes punishment for criminal conduct, not for accusation of a crime, when it states:

A member's right to be discharged is subject to the paramount authority of the Government to hold him beyond the normal date of expiration of his enlistment for the purpose of *punishment for offenses committed, or for trial for offenses for which probable cause exists, and for punishment when convicted.*  *  *  * 40 Comp. Gen. at 204 (emphasis supplied).

In that case, a serviceman died pending review of his sentence by the Court of Military Appeals. Thus, there was no appeal. The Comptroller General held that he was not entitled to pay and allowance for the period encompassing the expiration of his enlistment date until his death. The comptroller General's opinion may be wrong insofar as it adheres to the rule that only a formal acquittal will require payment of pay and allowances to an enlisted man held in confinement awaiting trial or some review of his court-martial sentence after his

period of enlistment. But Cowden's case is stronger than the case involved in 40 Comp. Gen. 202, since a retrial was denied Cowden and the charges against him were dismissed despite the fact that a retrial was possible. Though he had served his confinement sentence, his guilt would not have been moot because of the forfeitures and the dishonorable discharge the sentence also included. By the choice of the military, not his own, Cowden was denied a second trial where he might have obtained an acquittal. This is not a feature of any of the authorities on which defendant relies.

Given that we do not accept the use of ¶ 10316b(2), it is not necessary that plaintiff be reassigned "useful and productive duties" and thus meet its requirements. Rather, plaintiff here must show that there is some statutory basis which entitles him to an award of pay, since a serviceperson's entitlement to pay is based on statute. *Bell v. United States,* 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed. 365 (1963).

Plaintiff refers us to the DoD Pay Manual. Part One of that manual sets forth the type of service creditable for pay. Under the heading "When Entitled to Basic Pay," ¶ 10201 states:

> The pay of service members is prescribed by law. Members are entitled to receive pay according to their pay grades and years' service, if they are:
>
> a. On active duty in a pay status.
> b. Not prohibited by law from receiving such pay.

Given that plaintiff must show that he was on active duty in order to receive pay, the fact that ¶ 10104b defines creditable service as including the period spent in confinement "if a member is acquitted or the sentence set aside or disapproved" is relevant to plaintiff's claim. The only difficulty with ¶ 10104b is that it makes no reference to creditable service if the time spent in confinement is after the serviceman's enlistment period. And since the enlistment agreement is a contract of employment between the military and its members, entitlement to pay is generally based on the period of enlistment. Statutes and regulations have differentiated between entitlements accruing before and after the period of enlistment expires. For example, all the regulations under ¶ 10316b deal with this problem, although unfortunately none deal with the crediting of time spent in confinement before a court-martial is set aside and a decision not to hold a rehearing has been made.

██ However, even though Cowden's term of enlistment did end before the court-martial sentence was later set aside, we find that the Army had an obligation to pay him for the period at issue here. He was not formally released from the military until his discharge certificate was issued him on April 13, 1977.

Cowden's retention in the Army was for the convenience of the government. *See* DoD Pay Manual ¶ 10104b. It is true, as defendant argues, that those Army regulations deal with the Army's right to separate persons from the armed services. But they too defined in what circumstances a person's retention in the service is for the convenience of the government. Army Reg. 635–200 ¶ 2–15c specifically states that for an enlisted person awaiting trial, if court-martial charges are not preferred or his case is disposed of without a court-martial, that individual will be determined to have been retained in service for the government's convenience. That regulation considers a situation where there may be no trial, and thus no possibility of acquittal, and does state that if the case is disposed of in some other manner, service will be for the government's convenience. It is clear then that an acquittal is not the only method whereby an enlisted man may be relieved of court-martial charges and thus deemed to be in service entitling him to pay and allowances. There does not appear to us to be much difference between a case disposed of without trial and one disposed of after a trial whose result was set aside.

Since the government retained Cowden for its convenience, it had an obligation to pay him. As Judge Mishler stated in *United States v. Cates,* 230 F.Supp. 273, 274 (E.D.N.Y.1964):

The contract of employment is fixed in time and the obligation to pay terminates with the expiration date of the enlistment period. The obligation extends beyond the period only if detention is for the convenience of the Government or the enlisted man is engaged in making up lost time. * * *

And we have held that retaining a person for a court-martial is a retention for the government's convenience, *Dickenson v. United States,* 163 Ct.Cl. 512 (1963). In that case, plaintiff's enlistment ended while he was a prisoner of war, and he was retained for three months after his release from enemy captivity for purposes admittedly for the government's convenience. He was paid for that period. After that period, however, court-martial charges were served on him on January 22, 1954, and he was placed in confinement. He was sentenced under the court-martial to forfeit all pay and allowances beginning on the date of sentence, and also sentenced to 10 years at hard labor. This court did hold that he was entitled to pay and allowances for the period of January 22, 1954, until imposition of the court-martial sentence, because while awaiting trial plaintiff was being held for the government's convenience.

The fact that Cowden was not formally acquitted does not bar his claim. When the Court of Military Review set aside the findings of guilty and the sentence, it stated, according to the requirements of Article 66 of the UCMJ, 10 U.S.C. § 866(d), that "a rehearing may be ordered." Plaintiff could not order a rehearing. The government held the cards. The Manual for Courts-Martial (1969 Rev.) ¶ 100b, 34 Fed.Reg. 10503, 10670, states that:

> * * * If the Court of Military Review has ordered a rehearing the record shall be sent to an appropriate convening authority. If he finds a rehearing impracticable, he may dismiss the charges. (Art. 66(e)). Ordinarily, the final action will be promulgated by an appropriate convening authority. If the charges are dismissed, all rights, privileges, and property affected by an executed portion of the sentence

which has been set aside, excepted an executed dismissal or discharge, shall be restored. [References are in text and refer to the UCMJ.]

The same manual further indicates at ¶ 110(d) that the restoration of rights, privileges, and property after retrial of a court-martial sentence is required, shall be the same whether no new trial takes place or one does take place which results in a different disposition of the charges. We think it inconsistent with these provisions to derive from regulations of inferior status a conclusion that the rights of a serviceman whose conviction is set aside are inferior if he is not in fact retried, than if he is retried and acquitted. The manual is prescribed by the President under authority of the Uniform Code of Military Justice, 10 U.S.C. Ch. 47 and has the force of law. *See* 34 Fed. Reg. 10502.

Even if the dismissal of charges against Cowden is not an acquittal for the purposes of double jeopardy, we read the pay statutes to mean that an enlisted man confined after expiration of his term of enlistment is due pay and allowances for that period of confinement, if the original conviction is invalidated and either no new trial occurs, or one does occur and results in acquittal. The regulations have stated that he was serving "for the convenience of the government." Were we to rule otherwise, the armed services would enjoy an opportunity each time a court-martial was set aside for prejudicial error. They could determine not to hold a rehearing and chance an acquittal, thereby imposing a forfeiture not backed by a conviction by depriving the enlisted person of pay and allowances accrued after his enlistment's expiration. Retention without pay is a kind of punishment. Such was not the intent of Congress in enacting the military pay statutes or the Uniform Code of Military Justice.

## CONCLUSION OF LAW

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted. We determine that Cowden is entitled to receive pay and

allowances for the period of September 7, 1975, through April 13, 1977. Judgment is entered accordingly. The cause is remanded to the trial division under Rule 131(c) for determination of the quantum of recovery.