**Todd A. DOCK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 91–1656 C.

United States Court of Federal Claims.

Nov. 2, 1992.

Order Denying Motion for Reconsideration
Jan. 21, 1993.

**20.** *See generally* Kenneth W. Starr, *Observations About the Use of Legislative History,* 1987 Duke L.J. 371, 376.

William J. Holmes, Virginia Beach, Va., attorney of record, for plaintiff.

Sean P. Murphy, with whom were Director David M. Cohen, Asst. Atty. Gen., Stuart M. Gerson, Asst. Director James M. Kinsella, Dept. of Justice, Washington, D.C., Lieutenant Colonel W. Gary Jewell and Captain Flora D. Darpino, Office of the Judge Advocate General, Dept. of Army, Arlington, Va., for defendant.

## OPINION

WIESE, Judge.

Plaintiff is a member of the armed forces who was tried and convicted by military authorities for the murder of a German national. He is now serving a sentence of life imprisonment at the United States Disciplinary Barracks at Fort Leavenworth,

Kansas. An earlier conviction for the same crime, which had resulted in a sentence of death, was set aside because of legal error.

The question presented here is whether plaintiff is entitled to receive his military pay and allowances for the period of confinement extending from the date of the initial (and later-voided) court-martial conviction to the date the second court-martial sentence was approved. The parties are at opposite ends on the issue. Defendant insists that plaintiff's claim to pay is precluded by statute; hence defendant seeks a dismissal of the suit. Plaintiff, on the other hand, contends that the entitlement he claims is sanctioned both by statute and precedent and accordingly has moved for summary judgment.

The court, having considered the parties' briefs and their oral arguments, now concludes as follows:

First, the initial court-martial sentence, having been set aside for legal error, is of no force and effect; hence the pay forfeiture ordered as part of that sentence cannot be invoked to deprive plaintiff of the statutory pay and allowances he would have earned through the date his enlistment term expired.

Second, for the period of confinement that extends from the end of his enlistment term through the date the illegality of his first court-martial conviction was affirmed on appeal, pay and allowances are due plaintiff. The Government is deemed by operation of law to have retained plaintiff for its convenience and, in the absence of a regulation cutting off the right to pay, is obliged to pay him.

Finally, for the period of confinement that is associated with his retention for retrial, no compensation is owing because, by regulation, entitlement to pay and allowances is restricted to instances where the member is acquitted or the charges are dismissed.

## I

Plaintiff enlisted in the United States Army on August 29, 1983, for a period of three years. In October of 1984, while serving with United States forces in Europe, he was tried and convicted by a general court-martial of the premeditated murder and robbery of a German citizen. On November 16, 1984, plaintiff was sentenced to total forfeiture of all pay and allowances, reduction in grade to Private E–1,

dishonorable discharge, and death. The convening authority approved the sentence and, except for the portions relating to the punitive discharge and the death sentence, ordered it executed on February 5, 1985. As of that date then, some eighteen months prior to the end of his enlistment term, plaintiff's entitlement to pay and allowances terminated.

On May 10, 1988, the Army Court of Military Review set aside the findings and sentence and authorized a rehearing. The decision was affirmed by the United States Court of Military Appeals on May 8, 1989.

The convening authority ordered plaintiff's rehearing. At the rehearing, plaintiff was again found guilty of premeditated murder and robbery. He was sentenced to life imprisonment and, as before, the sentence included forfeiture of pay, reduction in grade, and dishonorable discharge. The pay aspects of the sentence were ordered executed by the convening authority on June 21, 1990. The sentence was affirmed by the Army Court of Military Review on July 31, 1992. As noted, plaintiff seeks pay and allowances from February 5, 1985 to June 21, 1990.

## II

The Government takes the position that plaintiff is not entitled to pay and allowances for any part of the confinement preceding execution of the second court-martial conviction, whether occurring prior to, or after, the expiration date of his three-year enlistment term.

■ In support of this result, defendant points to the language of Article 75(a) of the Uniform Code of Military Justice, 10 U.S.C. § 875(a)(1988). This statute, which deals with the restoration of benefits affected by a court-martial sentence later invalidated, provides in pertinent part as follows:

(a) Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing.

As defendant reads this statute, a service member's entitlement to the restoration of

benefits withheld under the authority of a court-martial sentence that later is voided depends upon the outcome of the second court-martial. Defendant contends that restoration of benefits is precluded where a determination affecting those benefits is carried over from a voided sentence to a new sentence imposed upon rehearing. Since this is what defendant sees in plaintiff's situation—the forfeiture of pay and allowances ordered as part of the initial court-martial sentence was reimposed as part of the second court-martial sentence—defendant maintains plaintiff has no right to payment.

Perhaps, on first reading, the statute could be read as defendant contends. However, closer attention to its text shows that reading to be incorrect. The statute does not announce a prohibition against restoration of benefits whenever a second court-martial sentence imposes the same sanctions as the first. Rather, what the statute does is to recognize that restoration of benefits, though obligatory, may be accomplished by *crediting* against the second sentence the *executed* portion of the invalidated first sentence.

Look again at the words: "all rights, privileges and property affected by an executed part of a court-martial sentence which has been set aside or disapproved ... shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial." 10 U.S.C. § 875(a). Inclusion in a second sentence of the executed component of a first sentence logically can be accomplished only through a credit or offset. In other words, that which was initially withheld (as it turns out, unlawfully so) has been carried over, *i.e.*, "included" as a credit in partial satisfaction of the second sentence.

Thus, the statute recognizes that where due account has been taken in the second sentence of benefits improperly withheld under the first, no *further* restoration is required. In short, the statute deals with the mechanics of restoration; not with the prohibition of restoration. This interpretation of the statute is reinforced both in the regulations issued under its authority and in the applicable case law.

To speak to the last point first, it is settled doctrine that a forfeiture may only be imposed by the sentence of a lawful court-martial. *Walsh v. United States*, 43 Ct.Cl. 225, 231 (1908). Indeed, Article 57(a) of the Uniform Code of Military Justice, 10 U.S.C. § 857(a) (1988), embodies the rule that a lawfully adjudged court-martial is a pre-condition to the imposition of a forfeiture: "No forfeiture may extend to any pay or allowances accrued before that date on which the sentence is approved." Equally certain is that a court-martial sentence that has been set aside is a nullity. Such a sentence, said the court in *Boruski v. United States*, 140 Ct.Cl. 1, 5, 155 F.Supp. 320, 323 (1957), "is as though it had never been."

Given these constraints, the interpretation of section 875 that defendant urges here—that a forfeiture may remain effective even though the sentence imposing it has been invalidated—cannot stand.

Nor, in fact, does defendant's interpretation of section 875 correspond with the pertinent pay regulation set forth in the Department of Defense Military Pay and Allowances Entitlement Manual (DODPM). That regulation, DODPM ¶ 70509(b) (Oct. 15, 1989), provides that "[w]hen an executed court-martial sentence which includes a forfeiture is set aside or disapproved, and a new trial or rehearing is ordered which results in an approved sentence to forfeiture, credit the member with the amount of any forfeiture effected under the first sentence."

This directive—that the member be given credit against the new sentence for the amount of any forfeiture effected under the overturned sentence—is an express recognition of the fact that an invalidated sentence can have no legal effect. Since an invalidated sentence must be disregarded, it necessarily follows that the penalties imposed under its authority must also be put aside. *Cowden v. United States*, 220 Ct.Cl. 490, 495, 600 F.2d 1354, 1357 (1979) ("if the court-martial has been set aside, ... penalties cannot be imposed"). The remedy prescribed by the regulations—crediting the service member's account—is the acknowledgment that entitlements unlawfully withheld must be restored.[1]

---

1. We would further note that DODPM ¶ 70510 specifically declares that "[a] member is entitled to reimbursement for pay withheld under an illegal sentence of a court-martial." We assume this regulation is meant to address the situation

where the member's court-martial sentence has been set aside and a new trial or rehearing has not been ordered. Hence, it is not directly pertinent here. Nevertheless, the action it di-

■ Clearly then, plaintiff is entitled to restoration of the pay and allowances that were forfeited pursuant to the first court-martial conviction. And in this factual context—where back-to-back sentences of total forfeiture are involved—only actual payment can bring about the restoration in the member's pay account which the regulation calls for. Without a compensatory payment to the member of all sums withheld pursuant to the first sentence, the credit required to be given simply cannot be achieved.

Aside from the accounting mechanics by which the credit is to be accomplished, the larger question here concerns the period for which such credit is due. That plaintiff is entitled to the monetary benefits of his grade and service-time from February 5, 1985, the date pay and allowances ceased, until August 28, 1986, the end of his three-year enlistment term, seems clear enough. Restoration of pay and allowances for this period does no more than restore the status quo; it is the logical consequence of the invalidation of the court-martial conviction. The more troublesome question, however, is whether plaintiff is entitled to pay and allowances after the end of his enlistment period. That is the issue we turn to next.

■ Plaintiff maintains that the period over which he is entitled to his pay and allowances is governed, not by the three-year term specified in his enlistment agreement, but by the time actually spent in the military in a pay eligibility status, meaning in his terms, all active service-time (including confinement) accumulated free of a valid court-martial sentence of pay forfeiture. Accordingly, he claims that he is entitled to the continuance of his pay and allowances beyond the end of his enlistment term and until June 21, 1990—the date of approval of the second court-martial sentence.

Two reasons are offered in favor of this result. First, plaintiff maintains that a service member's confinement beyond the end of a formal enlistment term, pursuant to a court-martial sentence that is later voided, is considered retention in service for the convenience of the Government and is therefore compensable. This, he asserts, is the teaching of *Rhoades v. United States*,

229 Ct.Cl. 282, 668 F.2d 1213 (1982), a case that is claimed to be on all fours with this one.

Plaintiff's second argument in favor of the continuance of pay beyond the end of his enlistment term rests on a more fundamental proposition. He maintains that a service member's right to pay is governed by the general pay statute, 37 U.S.C. § 204 (1988), and, according to plaintiff, the terms of this statute direct that pay continue so long as active duty continues. Plaintiff goes on to say that the right to pay may be cut off only by a valid court-martial sentence of forfeiture, by a member's absence without official leave, or by a member's discharge.

By this line of reasoning then, retention in the military beyond the end of an enlistment term, even an involuntary retention to await court-martial proceedings, is a period for which compensation is statutorily due the member. We address these arguments below.

Plaintiff is correct in saying that from a factual standpoint, *Rhoades* is indistinguishable from this case. There, as here, the question was whether the service member was entitled to pay after the expiration of his enlistment term while he remained confined—initially under the authority of a court-martial sentence that later was invalidated and thereafter by force of orders anticipating his retrial. Plaintiff is also correct in saying that Rhoades was permitted to recover his pay and allowances for this entire period of confinement, that is, up to the date a second court-martial sentence was approved.

What is important to note however, is that the result in *Rhoades*—the award of pay—came about because there was no regulation cutting off the member's right to that pay. As the court saw the situation before it, while retention in service beyond the end of an enlistment term was for the convenience of the Government, the compensability of that period was ultimately a matter of regulation. And where no regulation interceded (the situation encountered in *Rhoades*), the expiration of the enlistment term did not cut off the right to pay. *Rhoades*, 229 Ct.Cl. at 287, 668 F.2d at 1216. Such was the holding of the court.[2]

---

rects—restoration of pay to rectify the withholding carried out under a voided sentence—embodies the principle that a voided sentence is a nullity.

**2.** Defendant endeavors to explain the result in *Rhoades* on the ground that the pay forfeiture involved there was part of a court-martial sentence that had not been executed, meaning that

Here, on the other hand, the regulations do affect the right to pay, or, to put it more accurately, defer the issue of entitlement to the outcome of the new trial. The regulation we refer to, DODPM ¶ 10317(c), provides that:

An enlisted member retained in the service for the purpose of trial by court-martial is not entitled to pay for any period after expiration of the enlistment unless acquitted or the charges are dismissed, or the member is retained in or restored to a full-duty status.

Applying this regulation to the facts of this case brings us to the conclusion that plaintiff is not entitled to pay and allowances for that period of his confinement that equates with his retention for retrial.[3] That period, as this court sees it, begins on May 8, 1989, the date the United States Court of Military Appeals entered its decision affirming the ruling of the lower court (the decision of the Army Court of Military Review) setting aside the initial court-martial sentence and authorizing a rehearing. As of that date then, the first court-martial sentence no longer was of any force or effect and therefore plaintiff's retention in service past that date becomes—to use the regulation's words—"for the purpose of trial by court-martial" and hence not compensable.

■ Of course, all post-enlistment service-time occurring prior to May 8, 1989 is compensable. This conclusion follows from the reasoning set out in *Rhoades*. To repeat, that case holds that retention in service beyond the end of an enlistment term, pursuant to a court-martial senter.ce later voided, is (i) a retention in service for the convenience of the Government, and (ii) compensable in the absence of a regulation cutting off the right to pay.[4]

Thus far we have held that because of the invalidation of the first court-martial

sentence, pay and allowances are due plaintiff for (i) the uncompensated portion of his enlistment period, and (ii) the post-enlistment confinement period extending through May 8, 1989. Plaintiff argues, however, that we have not extended the period of compensation far enough. He maintains that his right to pay is fixed by statute and may not be cut off—save by a valid court-martial sentence of forfeiture—so long as active military service continues. It is therefore his argument that the regulation we have relied on here, DODPM ¶ 10317(c), is not enforceable in that it impermissibly abridges a statutory right to pay.

■ We cannot endorse this argument. The statute plaintiff refers to, 37 U.S.C. § 204(a)(1), provides that military service members are entitled to receive pay according to their pay grades and years of service when they are "on active duty." And "active duty," in turn, is defined by the statute as "full-time duty in the active service." 37 U.S.C. § 101(18) (1988).

Plaintiff's retention in the military past the end of his enlistment period to await trial by court-martial cannot be regarded as "full-time duty in the active service." There is no component of "duty," meaning no lawful service obligation, inherent in his retention. Rather, it is a period of involuntary service justified on the basis of the military's long-acknowledged right to retain a member past his enlistment period for crimes committed while under the military's jurisdiction. *See Gorko v. Commanding Officer, Second Air Force, Shreveport, La.*, 314 F.2d 858, 860 (10th Cir.1963).

■ Further, as the case law demonstrates, the Government's ultimate liability for pay and allowances for a period of

the sentence had not been given final approval. Accordingly, the withholding could have been regarded as administratively improper on that ground alone.

Defendant's attempted distinction is not valid. Precisely the same argument was raised by the plaintiff in *Rhoades* and, in response, the court said: "We do not find it necessary to decide whether this gives added support to plaintiff's arguments, because we hold the grounds already stated to be sufficient without it." 229 Ct.Cl. at 288, 668 F.2d at 1217. Defendant cannot ask this court to distinguish the *Rhoades* decision on a ground which that court considered unnecessary to its decision.

3. The court recognizes that the regulation refers to a member who is being "retained" when, in fact, the situation to which we apply it here involves a member who was "confined." However, we do not think this difference in wording renders the regulation inapplicable. Retention embraces confinement.

4. The court also explained that the Government could not look to the second court-martial sentence as the authority cutting off the right to pay. To allow that sentence to operate retrospectively, said the court, is to permit what Article 57(a) (10 U.S.C. § 857(a)) prohibits. *Rhoades*, 229 Ct.Cl. at 287, 668 F.2d at 1216.

pretrial retention is governed exclusively by the outcome of the court-martial proceedings for which the member is being held. The Government may, by regulation, withhold pay during a period of post-enlistment confinement and is obliged to pay only "if the [resulting] conviction is invalidated and either no new trial occurs, or one does occur and results in acquittal." *Cowden v. United States,* 220 Ct.Cl. at 499, 600 F.2d at 1359.

It is this rule which entitles plaintiff to pay for the post-enlistment period that he was retained under the force of an invalid sentence. As to that period there is no statute or regulation cutting off the right to pay. Thus, plaintiff must be paid. It is this same rule which denies plaintiff any compensation for the retention occurring after that time.[5]

### III

For the reasons stated, plaintiff's motion for summary judgment is granted in part and defendant's motion to dismiss is denied in its entirety. Plaintiff is entitled to pay and allowances from February 5, 1985 to May 8, 1989. The parties shall file a stipulation for entry of judgment within 30 days of the date of this opinion setting forth the amount due plaintiff.[6]

### ORDER

### DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

### Filed: January 21, 1993[1]

Defendant has moved for reconsideration of the opinion issued in this case on November 2, 1992. Upon examination of the arguments presented in the motion, it is concluded that no legal error in the opinion has been shown. Accordingly, the motion for reconsideration is denied.

Notwithstanding the absence of any basis for granting reconsideration, the court recognizes the concern defendant has with the outcome that was reached in the opinion. In the interest of assisting counsel to gain a more succinct understanding of the opinion, the court repeats below the basic principles that determined the result.

■ *First,* a court-martial sentence that has been invalidated is a nullity. Therefore, pay withheld under the authority of a court-martial sentence that is later set aside *must be restored.*

■ *Second,* "execution" of a court-martial sentence refers to the administrative step that implements the sentence, *i.e.,* to the order directing the sentence to be carried out. Thus, the invalidation of a court-martial sentence imposing a pay forfeiture gives rise to a right of pay restoration only if the sentence has been ordered executed. However, except as it relates to the limited question whether pay was actually withheld, the concept of "execution" is irrelevant to the right of pay restoration.

*Third,* the directive of 10 U.S.C. § 875(a)—that property affected by an executed part of a court-martial sentence which has been set aside or disapproved be restored "unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing"—is not intended to abridge the fundamental obligation to restore pay. Rather, it is to permit pay restoration to be accomplished by crediting against a second court-martial sentence of pay forfeiture any forfeiture amount that was impermissibly withheld under the first sentence.

This reading of the statute follows of necessity from the principle that an invalidated court-martial sentence is a nullity. Hence, the statutory phrase—"included in a sentence imposed upon the new trial or rehearing"—can only mean included in the sense of "recognized" or "accounted for" as part of the sentence imposed upon the new trial or rehearing.

---

5. In *Dickenson v. United States,* 163 Ct.Cl. 512, 514 (1963), the court ruled that retention of a military member past the end of his enlistment term was for the Army's convenience and therefore pay and allowances continued "until properly forfeited pursuant to the convening authority's approval of the forfeitures." This result is explainable by the fact that there was no regulation in place restricting the compensability of a post-enlistment retention to an acquittal on the merits of the court-martial charges. In essence then, *Dickenson* and *Rhoades* turn on the same rule.

6. In his complaint, plaintiff also asks for an award of reasonable attorney's fees. Plaintiff is directed to file a documented application for these fees within 30 days of the date of final judgment. The documentation submitted should identify the attorney's time in terms of the various issues raised in the case.

1. This Order was originally issued as an unpublished ruling of the court on December 30, 1992. The Clerk is directed to reissue the Order for publication.

*Fourth,* absent a regulation cutting off the right to pay during a post-enlistment retention (*i.e.,* a retention for Government convenience), compensation accrues until terminated by a valid court-martial sentence. This is the rule set out in *Rhoades v. United States,* 229 Ct.Cl. 282, 668 F.2d 1213 (1982). It is the rule this court is obliged to follow.