recommends no award. Each party shall bear its own costs.

**Garland F. HARE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 95–642 C.

United States Court of Federal Claims.

April 19, 1996.

Garland F. Hare, pro se.

Luis M. Matos, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen and James M. Kinsella, Washington, DC, for defendant. Major Joseph Dhillon, United States Air Force, of counsel.

## OPINION AND ORDER

TURNER, Judge.

This case stands on defendant's motion filed January 19, 1996 to dismiss for lack of subject matter jurisdiction. We find that we have jurisdiction over plaintiff's claim but that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, we treat defendant's RCFC 12(b)(1) motion as one under RCFC 12(b)(4), grant the motion and dismiss plaintiff's claim.

### I

The facts are not in dispute. Plaintiff enlisted in the Air Force on June 14, 1974. On June 17, 1992, plaintiff pled guilty to violating Article 125 of the Uniform Code of Military Justice. According to the Air Force Court of Military Review, plaintiff committed heinous criminal acts with an adopted minor child over a three-year period between July 1987 and July 1990. Plaintiff was convicted by a court-martial and sentenced to eight years confinement, reduction in grade, pay forfeiture of $300 per month for twelve months and dishonorable discharge from the Air Force. Plaintiff entered confinement on June 19, 1992 and on August 7, 1992, a court-martial judgment of conviction was rendered against him.

Plaintiff appealed his conviction to the Air Force Court of Military Review, but on December 3, 1993, the conviction was affirmed. Plaintiff then petitioned for review by the Court of Military Appeals, but on July 6, 1994, his petition for review was denied by that court. Plaintiff was dishonorably discharged effective as of November 30, 1994.

Upon his conviction on August 7, 1992, plaintiff had accumulated eighteen years of active duty service. At the time of his discharge, more than two years later, more than twenty years had elapsed since plaintiff entered the Air Force. Plaintiff contends that because he was in the Air Force for more than twenty years, he is entitled to retire-

ment benefits under the Air Force's voluntary early retirement program codified at 10 U.S.C. §§ 8914 and 8925.

## II

Defendant moves to dismiss pursuant to RCFC 12(b)(1), contending that this court lacks subject matter jurisdiction over plaintiff's claims. Plaintiff alleges that he has been wrongfully denied military retirement pay and allowances to which he is entitled by law. Such claims are within our jurisdiction pursuant to 28 U.S.C. § 1491(a). Defendant argues that plaintiff has no substantive right to retirement benefits because he has not been appointed to retired status. In effect, defendant's argument challenges plaintiff's case on the merits and not the court's jurisdiction. For this reason, we treat defendant's RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as a RCFC 12(b)(4) motion to dismiss for failure to state a claim upon which relief can be granted and proceed to consider defendant's motion on its merits.

Because it is plain from the face of the complaint that plaintiff has failed to state a claim upon which relief can be granted, we hold that plaintiff is not entitled to relief, grant defendant's motion and dismiss plaintiff's claim.

## III

At issue are three statutes governing accrual and computation of years in military service for the purpose of determining retirement benefits for members of the Air Force. The first statute is 10 U.S.C. § 8914 which states: "Under regulations to be prescribed by the Secretary of the Air Force, an enlisted member of the Air Force who has at least 20, but less than 30, years of service computed under section 8925 of this title may, upon his request, be retired." Plaintiff contends that he has served over twenty years and is thus entitled to retire pursuant to 10 U.S.C. § 8925 and to receive retirement pay and other benefits.

Section 8925 of title 10, U.S.C., entitled "Computation of years of service: voluntary retirement; enlisted members," states:

(a) For the purpose of determining whether an enlisted member of the Air Force may be retired under section 8914 ... of this title, his years of service are computed by adding all active service in the armed forces.

(b) Time required to be made up under section 972 of this title may not be counted in computing years of service under subsection (a).

The issue is whether plaintiff served twenty years in "active service in the armed forces." Plaintiff enlisted in the Air Force on June 14, 1974 and served continuously until his discharge on November 30, 1994, a period of greater than twenty years. However, on June 19, 1992, plaintiff was incarcerated and has remained in confinement during all material times. For the period from plaintiff's initial incarceration through his eventual dishonorable discharge on November 30, 1994, plaintiff was assessed "lost time" (i.e., time not creditable for calculation of one's enlistment term or retirement eligibility).

Title 10 U.S.C. § 972 requires the Air Force to deduct time spent in confinement from accumulated time in the service, since a confined service member is not actively contributing to the Air Force. Such "lost time" is not creditable towards an enlistment term, § 972, or towards retirement eligibility, § 8925. Section 972 provides:

An enlisted member of the armed forces who—

. . . .

(3) is confined for more than one day while awaiting trial and disposition of his case, and whose conviction has become final;

(4) is confined for more than one day under a sentence that has become final; ...

. . . .

is liable, after his return to full duty, to serve for a period that, when added to the period that he served before his absence from duty, amounts to the term for which he was enlisted or inducted.

10 U.S.C. § 972. Plaintiff's situation falls squarely under the impact of § 972; he was confined for more than one day while awaiting trial and disposition of his case and while

serving a sentence, and his conviction has become final. .Consequently, the period during which plaintiff was confined prior to his discharge from the Air Force qualifies as "lost time."

"Lost time" cannot be credited for the purposes of accruing retirement benefits. 10 U.S.C. § 8925(b). Plaintiff lost over two years due to his confinement, yielding a total creditable service period of eighteen years and five days. Def. Mot. to Dismiss, App. at 13 & 16. Consequently, plaintiff has not met the twenty-year prerequisite for retirement under § 8925 and is thus not eligible for retirement benefits.

Plaintiff contends that a conviction or sentence must become final before time begins to be lost under § 972 and that his conviction was not final until after the Court of Military Appeals denied his petition for review in July 1994 and the convening authority approved this denial in August 1994. According to plaintiff, lost time should not accrue to him prior to his discharge on November 30, 1994. Thus, plaintiff argues, he has served more than twenty years and is entitled to retirement benefits under 10 U.S.C. §§ 8914 and 8925.

If a service member can accrue "lost time" only after his sentence becomes final, then only post-sentence confinement could qualify as "lost time." The language of subsection (4) of § 8925 specifically covers that situation, stating that "lost time" accrues where a service member "is confined for more than one day under a sentence that has become final." Thus, for subsection (3) of § 8925 to have an independent meaning, it must cover time in confinement that accrues prior to a sentence becoming final. We conclude that subsection (3) specifically covers situations, like plaintiff's, in which "lost time" accrues during confinement *prior* to imposition of a sentence (which is ultimately affirmed).

To read the retirement provision as plaintiff requests would be to render subsection (3) of § 8925 superfluous. Such interpretation would thus be contrary to one of the fundamental canons of statutory construction: "[C]ourts should disfavor interpretations of statutes that render language superfluous." *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992).

The language in subsection (4) of § 8925 limiting "lost time" due to confinement to sentences that have "become final" is not meant to bar accrual of "lost time" prior to culmination of the appeal process. Rather it simply states the rule that an accounting of time served and deduction of "lost time" that has accrued throughout confinement is not performed until it is clear that the sentence will stand. This is necessary because time in confinement may be creditable if the sentence is reversed by an appellate court. *See Cowden v. United States,* 220 Ct.Cl. 490, 495, 600 F.2d 1354, 1357 (1979) ("if the court-martial has been set aside, ... penalties cannot be imposed").

**IV**

For the foregoing reasons, defendant's motion filed January 19, 1996 to dismiss is GRANTED, but on the ground that the complaint fails to state a claim upon which relief can be granted. Accordingly, judgment shall be entered in favor of defendant.

Each party shall bear its own costs.