Wayne M. PARKER, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 04–1780C.

United States Court of Federal Claims.

June 16, 2006.

William J. Holmes, Virginia Beach, Virginia, attorney of record for Plaintiff.

John S. Groat, Commercial Litigation Branch, Department of Justice, Washington, D.C., attorney of record for Defendant. With him on the briefs were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Deputy Director. Major Rebecca Ausprung, Military Personnel Branch, U.S. Army, of counsel.

Sarah Leigh Martin, law clerk.

## OPINION

BASKIR, Judge.

Plaintiff Wayne M. Parker, a former Army soldier, was tried and convicted of various sexual offenses in May of 1996. His first and second sentences were eventually set aside. His request for discharge in lieu of court-martial was approved, and he was given a final sentence of "no punishment." Mr. Parker had reached the expiration of his term of service ("ETS") while incarcerated pursuant to the first sentence. The Government contends that Mr. Parker should be refunded the forfeitures that occurred before his ETS, as well as after his first sentence rehearing resulting in the beginning of his appellate leave. However, Defendant contends that he should not be refunded forfeitures that occurred during the period he was incarcerated after his ETS.

**The relevant statute, regulations, and case law clearly support Plaintiff's entitlement to a full refund because his sentences were later set aside and not reinstated. Therefore, the Defendant's Motion is hereby DENIED.**

## BACKGROUND

Mr. Parker was a member of the U.S. Army until May 1, 1996, when a general court-martial found him guilty of various sexual offenses in violation of the Uniform Code of Military Justice. He was sentenced to a reduction in grade to E–1, confinement for ten years, forfeiture of all pay and allowances, and a dishonorable discharge. Mr. Parker began his confinement on that day. On March 15, 1997, while he was still incarcerated, Mr. Parker reached the expiration of his term of service ("ETS").

On appeal, the Army Court of Criminal Appeals on January 12, 2001, set aside some of the court-martial's guilty findings, dismissed others, and affirmed still others. The court set aside Mr. Parker's sentence, and ordered a sentence rehearing. In so holding, the court stated:

> *The sentence is set aside.* The same or a different convening authority may order a rehearing on the sentence. If the convening authority determines a rehearing on the sentence is impracticable, he may approve a sentence of no punishment.

*United States v. Parker,* 54 M.J. 700, 717 (A.Ct.Crim.App.2001), Def.App. at 25a (emphasis added). Mr. Parker was released from confinement and returned to a duty status with pay at the grade of E–5.

On March 15, 2001, a sentence rehearing was held, at which Mr. Parker was sentenced to a reduction to the grade of E–1, confinement for 45 months, forfeiture of all pay and allowances, and a bad-conduct discharge. He was given credit for time served and not returned to confinement. The next day, on March 16, Mr. Parker submitted a request to begin appellate leave, and his request was approved.

The Court of Criminal Appeals affirmed the second sentence in an unpublished opinion on July 29, 2002. The Court of Appeals for the Armed Forces on December 22, 2003, reversed the Court of Criminal Appeals. The Court of Appeals dismissed some of the remaining charges. It further stated:

> *The sentence is set aside,* and the case is returned to the Judge Advocate General for remand to the Court of Criminal Appeals, which may order a rehearing.

*United States v. Parker,* 59 M.J. 195, 201 (C.A.A.F.2003), Def.App. at 110 (emphasis added). On February 24, 2004, the Court of Criminal Appeals on remand authorized a rehearing on the remaining charges of sodomy and adultery.

Prior to any rehearing, Mr. Parker on April 20, 2004, requested an administrative discharge in lieu of trial by court-martial under Army Regulation 635–200, Chapter 10. His request included an acknowledgment that he was guilty of at least one of the charged offenses.

On April 23, the convening authority approved Mr. Parker's request and ordered that he be given an Other Than Honorable Discharge. In his order, the convening authority approved the guilty findings and imposed "a sentence of no punishment." Convening Authority's final decision, Pl.App. at Tab U. He then stated:

> All rights, privileges, and property of which the accused has been deprived by virtue of the execution of the sentence adjudged at the former trial of this case on 1 May 1996 will be restored.

*Id.* On May 28, 2004, the Army issued Mr. Parker a discharge certificate, and he was officially discharged from the Army.

On December 17, 2004, Mr. Parker filed his Complaint in this Court. The Defendant filed a Motion for Judgment on the Administrative Record on February 24, 2006. The Motion was fully briefed. The Court concludes that the Government's liability in this case is clear, and deems an oral argument unnecessary.

*The Claims*

Plaintiff seeks reimbursement for forfeited pay from the date of his conviction on May 1, 1996, until he was officially discharged from the Army on May 28, 2004. For convenience, the parties have divided this time into three periods.

First, the Defendant agrees that Mr. Parker is entitled to back pay from May 1, 1996 (the date of his conviction and confinement) until March 15, 1997 (the date Mr. Parker reached his ETS), at the unreduced pay grade of E–5, subject to the applicable offsets and calculations. Def. Br. at 9.

Second, the Defendant disputes liability for the period from March 16, 1997 (the day after Mr. Parker's ETS) until March 15, 2001 (the date of the first sentence rehearing). (According to the record, Mr. Parker was apparently not confined between January 12 and March 15, 2001, but remained on duty status at the unreduced grade of E–5, suffering no forfeitures.)

Third, the Defendant again agrees it is liable for the period from March 16, 2001 (the first full date of Mr. Parker's appellate leave) until May 28, 2004 (the date he was discharged from the Army), at the unreduced pay grade of E–5. Def. Br. at 13. The second period, then, is the only one at issue in this case.

Pursuant to its position, the Defendant requested calculations from the Defense Finance and Accounting Service ("DFAS") of the amount due Mr. Parker for the two undisputed periods. DFAS provided calculations based on the forfeited pay and applicable credits and offsets, for a total of $5,702.02 for the first period, and $0.00 (due to offsets) for the third period. In its brief, the Plaintiff does not specifically take issue with the calculations provided for the undisputed peri-

ods, but argues only that he is entitled to additional pay for the disputed period.

### ANALYSIS

### I. Jurisdiction and Standard of Review

■ The United States Court of Federal Claims may only hear a claim brought against the United States if Congress specifically and unambiguously waived the Government's sovereign immunity for such a suit. *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). According to the Tucker Act, a suit may be brought in this Court if it is founded upon the Constitution, an Act of Congress, a regulation, or a contract with the United States, if the claim does not sound in tort. 28 U.S.C. § 1491(a)(1). The Tucker Act does not itself create a substantive right of recovery; a plaintiff must identify a money-mandating provision creating a substantive right and waiving the United States' sovereign immunity in order for this Court to have jurisdiction. *E.g., United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

One such money-mandating statute is 37 U.S.C. § 204(a), the Military Pay Act, which provides that members of a uniformed service on active duty are entitled to the pay corresponding to the pay grade at which they served. *See Palmer v. United States*, 168 F.3d 1310, 1314 (Fed.Cir.1999). Because Mr. Parker is seeking back pay for time he spent on active duty in the Army, we have jurisdiction to hear his claim.

Although the Defendant captions its Motion as one for Judgment on the Administrative Record, it has not identified an administrative decision for the Court to review or pointed to any evidence in an administrative record to support such a decision. Rather, the issue currently before the Court requires us to apply undisputed facts to statutory and regulatory provisions, and to determine whether Mr. Parker is entitled to military back pay, an issue more properly addressed through mutual summary judgment motions. We find that the statutes and regulations in question clearly favor Mr. Parker, and he is entitled to relief. However, even if we accept that this is properly a ruling on the Administrative Record, under the applicable standard, we find that the DFAS calculation should be overturned because it is contrary to law. *See Haselrig v. United States*, 333 F.3d 1354, 1355 (Fed.Cir.2003) (a decision of a military board may be overturned if it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence).

### II. Plaintiff's Entitlement to Back Pay

■ The parties agree that the entitlement to military pay must be based on statute. *See* Def. Br. at 7; Pl. Br. at 6. The United States Code provides:

> Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial *sentence* which has been *set aside or disapproved,* except an executed dismissal or discharge, shall be restored *unless* a new trial or rehearing is ordered *and* such executed part is included in a sentence imposed upon the new trial or rehearing.

10 U.S.C. § 875(a) (emphasis added). Further, the Department of Defense Financial Management Regulation ("DODFMR") states:

> If a member is confined serving court-martial sentence when the enlistment expires, pay and allowances end on the date the enlistment expires *unless* the *sentence* is completely overturned or set aside as specified in section 4809 of this volume.

DODFMR Vol. 7A Ch. 3 § 030207(E), Def. App. at 86 (emphasis added). Section 4809 in turn provides:

> When an unexecuted court-martial sentence which includes a forfeiture is set aside or disapproved and a rehearing is ordered, the member is entitled to full pay and allowances (subject to other proper deductions) for the period from the convening authority's action on the original sentence until the convening authority's action on the subsequent sentence. Entitlement to pay and allowances thereafter depends on the terms of the new sentence.

DODFMR Vol. 7A Ch. 48 § 480902(A), Def. App. at 71.

Here, the parties do not dispute that two different sentences were imposed on Mr. Parker, both of which were later overturned. Consolidated Statement of Uncontroverted Facts ¶¶ 5, 14. Then the Acting Commander issued a final decision, which approved the existing findings of guilty and imposed a sentence of no punishment. Pl.App. at Tab U. He noted that Mr. Parker's request for discharge in lieu of court-martial had been approved. *Id.* Finally, he stated:

All rights, privileges, and property of which the accused has been deprived by virtue of the execution of the sentence adjudged at the former trial of this case on 1 May 1996 will be restored.

*Id.* Mr. Parker's second sentence was overturned, and a new one was not imposed. Therefore, according to the provisions quoted above, he is entitled to pay for the period from March 16, 1997, to March 15, 2001, less the pay he actually received during the subset of that period he was not confined.

Defendant disagrees with this claimed entitlement, arguing that although no punishment was imposed on Mr. Parker, the affirmed guilty findings prove that the court-martial sentence was not "set aside." *See* Def. Rep. at 1–5. However, this interpretation misreads the plain meaning of the DODFMR provision quoted above, which states that pay and allowances end at the member's ETS "unless the *sentence*," not the "findings" or "verdict," is set aside. § 030207(E), Def.App. at 86 (emphasis added).

Defendant concedes that the sentence was "set aside" in so many words in its brief, in discussing the first period of time:

Mr. Parker's *court-martial sentence was set aside,* and he was ultimately sentenced to no punishment, thus vacating his reduction in rank, forfeiture of pay, and sentence to confinement.

Def. Br. at 9 (emphasis added). Defendant makes the same concession when discussing the third period of time:

Since Mr. Parker's *sentence to a punitive discharge was set aside* by the Court of Appeals of the Armed Forces, and was not subsequently reimposed at a rehearing, Mr. Parker is entitled to pay and allow-

ances, at the unreduced pay grade of E–5, while he was on excess leave pending appellate review.

Def. Br. at 14 (emphasis added). When discussing the disputed period of time, the Defendant posits that Mr. Parker's "conviction" was not "completely overturned." Def. Br. at 12. But Defendant does not explain why the Plaintiff's "sentence" should not also be deemed "set aside" for purposes of the disputed time period as well as the undisputed periods. *See Dock v. United States,* 46 F.3d 1083, 1089 (Fed.Cir.1995) (Section 875(a) "provides no basis for distinguishing between periods of confinement before and after the expiration of enlistment.").

Defendant's counsel argues that the Plaintiff's right to pay and allowances ended at his ETS "by operation of law." Def. Br. at 11. In support, counsel cites *Singleton v. United States,* 54 Fed.Cl. 689, 692 (2002). His brief reads:

Once the term of enlistment ends, a service member is no longer entitled to pay because he is no longer a service member. *Singleton,* 54 Fed.Cl. at 692 (citations omitted) . . .

Def. Br. at 11. Counsel misleads the Court. He fails to mention that *Singleton's* apparent rule has a proviso—"unless [the member is serving a] sentence [that is later] completely overturned or set aside." *Singleton,* 54 Fed. Cl. at 692. *Singleton's* full treatment of this matter reads as follows:

The [DOD] regulations further specify that "[i]f a member is confined serving court-martial sentence when the enlistment expires, pay and allowances end on the date the enlistment expires *unless the sentence is completely overturned or set aside . . . .*" [DODFMR Vol. 7A Ch. 3 § 03077(E).] Singleton was confined serving a court-martial sentence on January 11, 1997. That sentence was neither completely overturned nor set aside. Therefore, plaintiff is not, and never was, entitled to any pay for service after January 11, 1997.

*Id.* (emphasis added). (Of course, unlike the sentence at issue in *Singleton,* Mr. Parker's sentence was set aside.)

Defendant's position also exaggerates the legal effect of Mr. Parker's ETS. The expiration of a member's term of service ends the service contract between the member and the military branch. *See Cowden v. United States,* 220 Ct.Cl. 490, 497, 600 F.2d 1354 (1979); *Montiel v. United States,* 40 Fed.Cl. 67, 72 (1998). After that time, the military branch no longer has an obligation to retain the member. *See Dodson v. U.S. Dep't of Army,* 988 F.2d 1199, 1203–04 (Fed.Cir. 1993); *Montiel,* 40 Fed.Cl. at 72. The service may extend his or her term of service for various reasons. *See Dodson,* 988 F.2d at 1204 (discussing the Army's option to accept applications for reenlistment).

In this case, Mr. Parker was not discharged from the Army until May 28, 2004, more than seven years after his ETS. After his ETS and until he was discharged, the Army held him in confinement, released him and returned him to duty status at the grade of E–5, and then placed him on appellate leave. The Government concedes that Mr. Parker is entitled to pay at the grade of E–5 for some of this post-ETS time. Counsel does not explain why Mr. Parker is entitled to post-ETS pay while on post-confinement duty status and then appellate leave, but not while confined under a disapproved sentence. The only explanation is counsel's unelaborated "by operation of law." *See* Def. Br. at 11.

The Court of Claims has held that the period of a sentence of confinement served past a member's ETS, if later set aside, is considered to be for the convenience of the government. *Cowden,* 220 Ct.Cl. at 497, 600 F.2d 1354. Under facts similar to those in the present case, the Court of Claims, interpreting 10 U.S.C. § 875(a), held that the Government was liable for the member's pay and allowances for the time the member spent in confinement past his ETS, when the sentence was later overturned and the Government chose not to order a rehearing. *Id.* at 495, 499, 600 F.2d 1354. Even allowing for the fact that different regulations existed in 1979, *Cowden* persuades us to reach the same outcome in Mr. Parker's case.

The Federal Circuit has shed light on section 875(a) in a way that clearly favors Mr. Parker's position. *See Dock,* 46 F.3d 1083.

In *Dock,* a private in the Army was convicted of certain crimes and sentenced to forfeiture of pay and allowances, among other things. His sentence was overturned on appeal, and upon rehearing, he was again found guilty of the crimes, and again sentenced to the same forfeiture. He claimed he was entitled to restoration of all pay and allowances between the time they were first withheld and the approval of the second sentence.

The court held that the plaintiff in that case was not entitled to restoration of any pay and allowances. *Id.* at 1087. Pursuant to section 875(a), a service member whose sentence of forfeiture is overturned is not entitled to a refund for the portion of the forfeiture that is included in the sentence upon rehearing. *Id.* More specifically, *Dock* recognized that section 875(a) has only two exceptions:

> The statute plainly requires that, with two exceptions, if a member's court-martial sentence is set aside or disapproved, all rights, privileges, and property are to be restored to the member. The first exception is that a set-aside or disapproved sentence does not undo an already executed dismissal or discharge. The second exception, controlling here, is that *if* a rehearing is ordered, *and* the member is resentenced, then only that part of the executed first sentence that is *not* included in the second sentence shall be restored to the member.

*Id.* (emphasis added and removed). Phrased this way, it is clear that the second exception to the rule does not apply here—Mr. Parker was not resentenced to any final forfeiture of pay and allowances at a rehearing, so there is no overlap in the forfeitures of the first and final sentences. The Defendant has not offered any authority for creating a third exception to the rule of section 875(a).

Other than the forfeiture of pay and allowances that were later set aside, the only sentence imposed on Mr. Parker was one of "no punishment." *See* Convening Authority's final decision, Pl.App. at Tab U. Mr. Parker is entitled to the portion of the first sentence that was not also included in the final sentence. *See Dock,* 46 F.3d at 1087. Because no punishment was included in his final sen-

tence, he is entitled to pay and allowances for the entire period of his confinement following his ETS.

Based on plain language, it is the "sentence"—not the guilt or innocence of the defendant—that is important. In *Dock,* the Federal Circuit examined the legislative history of section 875(a), and concluded:

> If a new trial or rehearing is ordered, restoration is to be made in regard to such part of the original sentence as is not adjudged upon the new trial or rehearing.

*Id.* at 1088. If a complete finding of innocence were required in order to give Plaintiff a right to back pay, as Defendant seems to argue, then the situation discussed in *Dock* could never occur. The reference in Dock to a second sentence by its terms indicates that restoration of forfeited pay does not require an acquittal of all charges.

As a general principle, "forfeiture of future pay 'can only be imposed by the sentence of a lawful court-martial.'" *Id.* at 1087 (quoting *Walsh v. United States,* 43 Ct.Cl. 225, 231, 1907 WL 842 (1908)). A service member "who has not received such a punishment from a duly constituted court-martial is entitled to the statutory pay and allowances of his grade and status, however ignoble a soldier he might be." *Dock,* 46 F.3d at 1087 (quoting *Bell v. United States,* 366 U.S. 393, 401–02, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961)). Even though Mr. Parker may still have been guilty of some criminal charges, he did not receive any punishment from a duly constituted court-martial. Forfeiture of a part of his post-ETS pay would constitute a punishment imposed other than by a court-martial sentence.

*CONCLUSION*

Accordingly, the **Defendant's Motion for Judgment on the Administrative Record (recast as a Motion for Summary Judgment) is DENIED. We hereby GRANT Summary Judgment for the Plaintiff.** *See Massey v. Del Labs., Inc.,* 118 F.3d 1568, 1572 (Fed.Cir.1997) (courts have the inherent power to grant summary judgment for the non-moving party when the factual record is developed and the parties have adequate notice). **Plaintiff is entitled to a restoration of all pay and allowances that were for-**feited as a result of his conviction of May 1, 1996, subject to any applicable credits and offsets as calculated by DFAS.

The Defendant is **ORDERED** to obtain calculations from DFAS for the disputed period, March 16, 1997, to March 15, 2001, and to submit them to the Court for entry of judgment in favor of the Plaintiff. The Defendant shall file a status report with the Court no later than August 1, 2006, providing the status of the calculations.

IT IS SO ORDERED.