**Larry YOUNG, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 03–406C.

United States Court of Federal Claims.

Aug. 4, 2003.

Larry Young, Fort Leavenworth, KS, pro se.

Kent Huntington, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant. With him were David M. Cohen, Director, Harold Lester, Jr., Assistant Director, Robert D. McCallum, Jr., Assistant Attorney General, and LTC Tara Osborn and Major David Mendelson, of counsel.

## OPINION

BRUGGINK, Judge.

This is an action brought by a former service member requesting military back pay for time spent in confinement serving a sentence which was later set aside. Upon retrial, plaintiff's guilt was affirmed and forfeiture of pay and allowances was reinstated as part of his sentence. Pending is the government's motion to dismiss for failure to state a claim. Oral argument is deemed unnecessary. For the reasons set forth below, the government's motion to dismiss for failure to state a claim is granted.

## BACKGROUND

In 1995, Larry Young, then an enlisted member of the United States Army (the "Army"), was court-martialed in Kaiserslautern, Germany and found guilty for committing numerous crimes. Prior to his sentencing, plaintiff went absent without leave (AWOL); the reflecting change in his official military status was made on June 22, 1995. Also in June, he was sentenced in absentia to life in prison, dishonorable discharge, total forfeiture of all pay and allowances, and a reduction to the grade of Private E–1. On July 22, plaintiff's status was once again

changed as he was "dropped from the rolls." Later that year, on October 3, 1995, the convening authority[1] approved Young's sentence and ordered it executed, though he was still absent.

In May 1997, Young was apprehended, returned to military control, and immediately placed in confinement. His term of enlistment had expired on August 21, 1996, prior to his apprehension. Young remained in confinement serving out his sentence until April 21, 1999, when the Army Court of Criminal Appeals (the "ACCA") reviewed his case. The ACCA affirmed the court-martial finding of guilt, but it reversed Young's sentence and remanded it for reexamination. The ACCA found that the trial judge had abused his discretion by denying Young a continuance to obtain civilian counsel because of ineffective assistance of government-appointed counsel. Plaintiff asserts[2] that on May 21, 1999 he was returned to active duty status at grade E–6 while confined awaiting his rehearing.

Rehearing took place on August 4 and 5, 1999. The ACCA sentenced Young to 90 years in prison. The remainder of the previous sentence-dishonorable discharge, total forfeiture of all pay and allowances, and reduction to E–1 was reaffirmed. On February 7, 2000, the convening authority approved and executed the re-sentencing. The United States Court of Appeals for Armed Forces affirmed the period of confinement. *United States v. Young*, 58 M.J. 15 (C.A.A.F. 2002). Plaintiff's later request for pay was denied by the Army based on the fact that his prior sentence had been set aside after his term of enlistment had expired and because his enlistment expired while he was AWOL.

Plaintiff alleges that, during the remand proceedings, his trial judge, Judge Holland, commented that all plaintiff's prior confinement time was "pretrial confinement" because his first sentence had been set aside.

---

1. "Convening authority" refers to the officer who is entitled to convene a general court-martial, pursuant to 10 U.S.C. § 822 (1998), and then take final action on ("approve, disapprove, commute, or suspend") the sentence. 10 U.S.C. § 860(a)-(c)(2) (1998).

2. The complaint provides no supporting documentation for such a claim. As we are reviewing a motion to dismiss, we will assume this is true.

Compl. at 2.[3] Plaintiff relies on this statement to support his claim for back pay.

Young came before the court martial again on April 27, 2000. He was accused and found guilty of additional offenses committed during the time he was AWOL. Plaintiff received an additional sentence of three years confinement, dishonorable discharge, and forfeiture of all pay and allowances. The sentence was approved by the convening authority. That conviction is now on appeal before the ACCA.

Plaintiff claims that because the first sentence was set aside, he was being held for the convenience of the government until he was re-sentenced. He therefore alleges he is due back pay from the time he was apprehended and placed in confinement on May 2, 1997 until final action was taken on his sentence on February 7, 2000, or, in the alternative from the date his first sentence was set aside on April 21, 1999 until February 7, 2000.

## DISCUSSION

We have jurisdiction, pursuant to the Tucker Act, to review military pay claims. *See* 28 U.S.C. § 1491(a)(1) (Supp.2003). *See Anderson v. United States,* 54 Fed. Cl. 620, 624 (2002) (citing *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 605, 372 F.2d 1002 (1967)). Because the claim is before us on the government's motion to dismiss for failure to state a claim, we accept plaintiff's pro se pleadings as true, *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), and do so pursuant to a "less stringent standard" than pleadings prepared by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The question presented is whether plaintiff has a right to pay under 37 U.S.C. § 204(a) (2001)[4] for time spent in confinement serving his first, vacated, sentence, either from the beginning of confinement or from the time of vacatur until the time of re-sentencing. Plaintiff contends he is entitled to back pay because his first sentence was set aside. We disagree.

Under 10 U.S.C. § 857(a), as it appeared in 1995,[5] forfeitures included as part of a sentence became effective on the convening authority's approval of the sentence. Therefore, plaintiff's forfeiture of pay and allowances became effective on October 3, 1995. All his rights to pay ceased at that time and those rights did not change upon plaintiff's apprehension and confinement. Plaintiff claims that, though he was serving a court-martial sentence in which his pay had ceased under 10 U.S.C. § 857(a), he still had a right to pay for his confinement period because the sentence he was serving was later held invalid.

Plaintiff's claims are barred by a straight forward application of 10 U.S.C. § 875(a) (1998), also cited as article 75(a) of the Uniform Code of Military Justice (the "UCMJ"). That article states, in relevant part:

> (a) Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved ... shall be restored *unless* a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing.

10 U.S.C. § 875(a) (emphasis added). This provision precisely addresses plaintiff's circumstances. A rehearing was ordered for Young and all previously *executed* portions of his prior sentence were included in his re-

---

3. We have not received an administrative record or any transcript of Judge Holland's proceeding to discern if such a statement is valid.

4. 37 U.S.C. § 204(a) states, "The following persons are entitled to the basic pay of the pay grade to which assigned or distributed, in accordance with their years of service computed under section 205 of this title—(1) a member of a uniformed service who is on active duty ...." Plaintiff claims he was prepared to serve on active duty but had not been assigned.

5. Any crimes committed before the effective date of a statute amendment are subject to the pre-amendment statute. *See United States v. Gorski,* 47 M.J. 370, 371 (C.A.A.F.1997). Therefore, because Young committed the crimes prosecuted in the first trial in 1995, the 1996 amendment had not yet been approved and the old version still applies.

sentencing. Rights, privileges, and property affected by the first sentence, therefore, need not be restored.

The Federal Circuit considered a similar situation in *Dock v. United States*, 46 F.3d 1083 (Fed.Cir.1995). There, plaintiff was found guilty in the first trial, but his conviction and sentence were set aside. Upon rehearing, plaintiff was once again found guilty. On both occasions, his sentence included forfeiture of all pay and allowances. The court noted that ordering a rehearing, in effect, nullified plaintiff's first conviction and sentence. *See id.* at 1088. It went on to point out, however, that "Congress has decreed in Article 75(a) that a forfeiture of pay ... executed by a competent authority, even though the order is found later to be legally defective, can be related back by a subsequent court-martial that imposes a sentence in which the executed part is included." *Id.* The court also relied on 10 U.S.C. § 875(a) to withhold pay for the interim period after the vacatur, but before re-sentencing, *see id.* at 1087, noting that Congress created a statutory right for service members to receive pay, but subject to limitations. "Congress has declared that no restoration is made if a rehearing reimposes the same forfeiture." *Id.* at 1087–88.

Plaintiff makes the independent argument that the trial judge's comments concerning pre-trial confinement bind the government to payment for that period. We do not have before us the transcript of that proceeding, but we will assume such a statement was made. It is immaterial, however, because "government agents cannot bind the Federal Government to pay public funds in violation of positive law." *Dock*, 46 F.3d at 1089 (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 415–16, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990)). The alleged statement is in conflict with the law, as explained above.

Furthermore, if the judge was correct in his statement that the confinement is to be considered pre-trial confinement after the expiration of enlistment, the circumstances would then be regulated by the Department of Defense Financial Management Regulation 030207.D. Under this regulation, service members held in pre-trial confinement are only eligible for pay and allowances up until the expiration of their enlistment, unless they are subsequently acquitted. The government has no liability to pay service members when an applicable regulation declares otherwise. *See Paalan v. United States*, 51 Fed. Cl. 738, 745 (2002) (citing *Dock v. United States*, 46 F.3d at 1091–92). Young was convicted and re-sentenced at the rehearing and therefore was not held for the convenience of the government. *See Anderson v. United States*, 54 Fed.Cl. 620, 627–28 (2002) (confinement is only characterized as for the convenience of the government when the charges are dropped or there is a subsequent acquittal and the service member is beyond the term of enlistment).

In plaintiff's opposition brief, he claims for the first time that his court-martial was somehow improper. The government correctly points out that the court may disregard issues not properly pleaded in the original complaint. Nevertheless, even if we view plaintiff's brief as the statement of a claim, it would be legally insufficient. "Generally, judgments by court-martial are not subject to review by federal civil courts, except for serious Constitutional errors." *Reed v. United States*, 23 Cl.Ct. 517, 522 (1991) (citing 10 U.S.C. § 876 (military review of court-martial proceedings are final and binding on federal courts)). *See, e.g., United States v. Augenblick*, 393 U.S. 348, 351–52, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969); *Bowling v. United States*, 713 F.2d 1558, 1560 (Fed.Cir.1983); *Matias v. United States*, 19 Cl.Ct. 635, 638, *aff'd*, 923 F.2d 821 (Fed.Cir.1990). We have considered Mr. Young's assertions and conclude that they do not present any errors of a serious constitutional nature. This argument, too, can be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted pursuant to RCFC 12(b)(6). The clerk is directed to dismiss the matter with prejudice. No costs.